Kai-Jay Pants Company, Division of Philip Gurian Sons, Inc., Appellant v. Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Michael Zavagansky, et al., Intervening Appellees.

Argued March 10, 1977, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Marc L. Silverman,* with him *Thomas R. Lisella,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, for appellee.

*Elliot A. Strokoff,* with him *Ira H. Weinstock,* and *Handler, Gerber* and *Weinstock,* for intervening appellee.

OPINION BY JUDGE KRAMER, April 22, 1977:

This is an appeal by Kai-Jay Pants Company, a Division of Philip Gurian Sons, Inc. (Appellant), from an order of the Unemployment Compensation Board of Review (Board), dated January 2, 1976. The order grants unemployment benefits to six former employes of Appellant.

Michael Zavagansky, Joseph G. Beshock, Michael Beshock, Sam Citrano, Edward S. Martin, and Robert J. Pastucha (employes) worked for Appellant as pressers. In the afternoon of Friday, January 31, 1975, the employes were instructed to repress a particular shipment of clothing. They were informed that as the shipment was a priority order, the repressing must be completed before going on to any

new work. The employes followed these instructions for the remainder of that Friday.

On Monday morning February 3, 1975, the employes came into work and began pressing a new shipment of clothes. They were quickly informed by a supervisor, however, that a portion of the garments which required repressing the previous Friday still remained. They were instructed to finish repressing these garments before continuing with their new work. The employes then asked the supervisor what they were being paid for the repressing. Under the labor agreement between the parties, the testimony indicates that the compensation paid the employes for their work varied according to the particular circumstances. After consulting with the manager of labor relations for Appellant, the supervisor informed them that they would not be paid for the repressing as they had already received compensation on a piecework basis when the clothes were originally pressed. The supervisor further informed the employes that they could "repress the clothes or go home." The employes thereupon refused to repress the clothes and left the plant to consult with their union representatives. Approximately two hours later they received a telegram from Appellant's manager of labor relations informing the employes that they had been terminated for refusing to follow instructions and walking off the job.

At issue is the application of Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), which renders a claimant ineligible for benefits if his unemployment is due to a discharge for willful misconduct. This Commonwealth's Supreme Court stated in *Frumento v. Unemployment Compensation Board of Review*, Pa. , 351 A.2d 631, 634 (1976), that willful mis-

conduct must be determined by looking at the employes' reason for noncompliance and the reasonableness of the employer's request in light of all the circumstances.

Herein lies our difficulty with this case. In making its determination, the Board stated that the employes were not guilty of willful misconduct for the reason that the instructions to repress the clothes without pay was in violation of the labor agreement between the parties and was therefore clearly unreasonable. We would agree that instructions in violation of a labor agreement can properly be found to be unreasonable. The record, however, contains only confusing oral testimony as to the compensation the employes were entitled to under their labor agreement for performing the work at issue. The actual employment agreement was never entered into evidence. For this reason we cannot decide this case on the merits.

It is well noted that in unemployment compensation cases, observance of common law and statutory rules of evidence and technical rules of procedure is not required. *Unemployment Compensation Board of Review v. Stiles,* 19 Pa. Commonwealth Ct. 38, 340 A.2d 594 (1975). Where as here, however, the crucial determination of the Board is necessarily based upon an interpretation of a printed agreement and the agreement was never entered into evidence, the Board should have required its production, regardless of where the burden of proof lay. *Pendleton Unemployment Compensation Case,* 167 Pa. Superior Ct. 256, 262, 75 A.2d 3, 6 (1950). Only with knowledge of the exact provisions of the labor agreement can the Board determine with certainty whether the supervisor's instructions were unreasonable under the circumstances.

ORDER

AND NOW, this 22nd day of April, 1977, the order of the Unemployment Compensation Board of Review dated January 2, 1976, in the above-captioned matter is vacated and the matter is remanded to the Unemployment Compensation Board of Review for the taking of additional evidence and the formulation of more specific findings of fact in accordance with the above opinion.

Judge ROGERS concurs in the result only.