Karen L. Scheel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 9, 1979, before Judges Wilkinson, Jr., Mencer and Rogers, sitting as a panel of three.

*Kevin B. Curley*, for petitioner.

*John T. Kupchinsky*, Assistant Attorney General, with him *J. Justin Blewitt*, Acting Attorney General, for respondent.

Opinion by Judge Mencer, May 15, 1979:

Karen L. Scheel (claimant) was denied unemployment compensation benefits as a result of a referee's determination that claimant had been discharged for willful misconduct. The Unemployment Compensation Board of Review (Board) affirmed the referee's decision and this appeal followed. We affirm.

Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess.,

P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), provides:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (e)  In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

We have defined willful misconduct as a wanton and willful disregard of the employer's interest, a deliberate violation of rules, a disregard of standards of behavior which an employer can rightfully expect from his employee, or negligence which manifests culpability, wrongful intent, evil design or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

The Board made the following key findings of fact:

> 2.  The claimant's job included the responsibility for opening the employer's store at the Granite Run Mall.
>
> 3.  On several occasions the claimant opened the store later than the scheduled time.
>
> 4.  The claimant was warned that her employer was dissatisfied with these late openings.
>
> 5.  On or about October 15, 1976 the claimant opened the store later than the scheduled time and was discharged for this action.

Our examination of the record discloses that these findings of fact[1] made by the Board are supported by the evidence.

---

[1] We are satisfied that the findings of fact here are of sufficient specificity and meet the issue raised by the claimant, so as

Habitually reporting late for work[2] and refusing to follow reasonable instruction relative to the time when the store under claimant's supervision should be opened for business constituted willful misconduct justifying a denial of benefits under the provisions of Section 402(e) of the Unemployment Compensation Law. *Harbutz v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 235, 309 A.2d 840 (1973). Therefore, we affirm the Board's order denying claimant unemployment compensation benefits.

## ORDER

AND Now, this 15th day of May, 1979, the order of the Unemployment Compensation Board of Review denying benefits to Karen L. Scheel is hereby affirmed.

---

not to require a remand to the Board for the making of additional findings of fact. Thus, the instant case can be distinguished from *Heefner v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 527, 368 A.2d 1382 (1977), and *Unemployment Compensation Board of Review v. Cardellino*, 24 Pa. Commonwealth Ct. 617, 357 A.2d 710 (1976).

[2] Claimant contends that she was late for work on nearly every occasion because of her inability to start her car due to numerous mechanical problems and consequently she should be afforded compensation benefits under the reasoning of *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). In *Frumento*, our Supreme Court held that where the action of the employee is justifiable or reasonable under the circumstances it cannot be considered willful misconduct. We cannot conclude in this case that claimant's repeated excuse of mechanical problems with her car over an eight-month period was justification for her repeated failure to arrive for work at the proper time. Also, we do not accept as controlling the fact that claimant's previous supervisor consistently accepted the car-failure excuse and tolerated late openings of the store, nor can we conclude that such acceptance of claimant's conduct by her previous supervisor was binding on another supervisor during the last two months of her employment.