Diana L. Spence, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 15, 1979, before Judges CRUMLISH, JR., DiSALLE and CRAIG, sitting as a panel of three.

*James Bukac,* for petitioner.

*John T. Kupchinsky,* with him, *William J. Kennedy,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, *Edward G. Biester, Jr.,* for respondent.

OPINION BY JUDGE CRUMLISH, JR., December 28, 1979:

Diana L. Spence was denied benefits by the Unemployment Compensation Board of Review which affirmed a referee who denied benefits for willful misconduct under Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Spence, a Mental Retard Aide I, was discharged for chronic tardiness. During the period of her employment with Polk Center, she had amassed a record of excessive tardiness and absenteeism. The referee found that Spence had been warned in writing of tardiness, was given a two-day suspension for unauthorized absences, was warned of impending discharge following two separate suspensions for tardiness totaling seven days, and was finally discharged when she thereafter reported late for work.

In this appeal, Spence does not dispute the referee's findings of tardiness or absence, but contends that the incidents were excusable and justifiable under the standards set by her employer's current "progressive discipline policy."[1] She also maintains that the

---

[1] A copy of the progressive discipline policy is attached to the record as Claimant's Exhibit No. 2 and reads in pertinent part as follows:

employer representative's testimony was inadmissible hearsay.

Employee conduct falling short of an employer's disciplinary standards contained in employer work rules or provisions of a labor-management agreement is not willful misconduct because these standards are mere guidelines of behavior telling an employee the type of conduct expected of him and the consequences of a violation. *See Kai-Jay Pants Co. v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 621, 372 A.2d 493 (1977); *Unemployment Compensation Board of Review v. Schmid,* 20 Pa. Commonwealth Ct. 286, 341 A.2d 553 (1975).

Here, in the record, we find ample evidence of repeated citations of violations and the ultimate consequence thereof to Spence: (1) a written warning was issued on February 3, 1977, for reporting late three times in four months; (2) Spence was suspended on April 6 and 7, 1977, for being late two hours; (3) an-

---

The following violations or combination of violations will result in progressive discipline as outlined below:

A.

1. Lateness (31 minutes or more past start of shift)

2. Tardiness (7 to 30 minutes past start of shift—3 times in a four month period)

3. Overstaying rest breaks and meal periods

4. Lateness in reporting off work

5. Failing to present proof of illness as required

| | |
|---|---|
| 1st offense | oral warning |
| 2nd offense | written warning |
| 3rd offense | two day suspension |
| 4th offense | five day suspension |
| 5th offense | termination |

The disciplinary policy goes on to state that

[B]efore any decision to discipline is made, the supervisor must give the employee an opportunity to explain. An investigation, if necessary, must be made in order that all relevant facts are available. No employee will be disciplined unless just cause exists for such action.

other two-day suspension occurred on July 18 and 19, 1977, for being absent without leave; (4) a five-day suspension from October 28 through November 1, 1977, for being late one hour; and finally (5) Spence was terminated November 14, 1977, for being late one hour.

This being so, together with Spence's testimony in excuse of her poor attendance record, *viz.* car trouble, babysitting problems, and in the case of her final late arrival, a washing machine breakdown, we will affirm the referee's finding that Spence's chronic tardiness was a disregard of the employer's interest of sufficient intensity to sustain a finding of willful misconduct. Habitual tardiness, particularly after warning that a termination of services may result if the practice continues, is grounds for one's disqualification. *Unemployment Compensation Board of Review v. Glenn,* 23 Pa. Commonwealth Ct. 240, 350 A.2d 890 (1976).

Spence's second argument is also unpersuasive. Her objection is based on the fact that the employer representative who testified with respect to her attendance record had no personal knowledge as to the circumstances surrounding the alleged violation of employer rules. The hearsay argument is met by hornbook recitation of Section 2 of the Uniform Business Records as Evidence Act[2] which provides that records made in the regular course of business are competent evidence if, *inter alia,* "the custodian or other qualified witness testifies as to its identity and mode of preparation." Here, the employer representative, a personnel assistant, did testify that he was familiar with Spence's separation and that he was referencing official company attendance records.

---

[2] Act of July 9, 1976, P.L. 586, 42 Pa. C.S. §6108(b).

208

Accordingly, we

ORDER

AND Now, this 28th day of December, 1979, the order of the Unemployment Compensation Board of Review dated July 27, 1978, is hereby affirmed.