Barbara K. Vasquez, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 11, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Michael Goldberg,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MENCER, March 6, 1981:

Barbara K. Vasquez (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which denied her benefits because of willful misconduct, pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

The Board made the following findings of fact:

1. The claimant was last employed as a classroom aide by the School District of Lancaster for approximately one and one-half years at a final rate of $3.32 per hour, and her last day of work was June 7, 1978.

2. During the course of her employment, the claimant had a history of tardiness and absenteeism without reporting off.

3. The claimant was counselled and warned about her attendance problems and her failure to report off.

4. The claimant was tardy on May 17, 1978, and on May 24, 1978, she left her assigned work station at noon without reporting her absence to

or requesting permission from the proper superior.

5. At a meeting of the School Board on June 23, 1978, the claimant was discharged for her conduct on May 17, 1978 and May 24, 1978, in light of her record.

Claimant first argues that finding of fact 4 is based solely upon hearsay testimony and, therefore, not supported by substantial evidence. We disagree. Claimant herself admitted that she was late on May 17 and that she left her assigned work station at noon. Although there was a dispute over whether claimant reported her absense to the proper superior,[1] conflicts in testimony are resolved by the Board, not this Court. *Hinkle v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 512, 308 A.2d 173 (1973). We conclude that there is substantial evidence in the record to support this finding.

Claimant further argues, however, that her lateness on May 17 was justified because it was due to automotive failure. In this context, claimant has the burden of establishing good cause to justify violation of an employer's rule. *Holomshek v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979). In light of claimant's admitted history of tardiness, her testimony that most of the instances of tardiness were caused by car problems, and of the fact that the Board need not accept even uncontradicted testimony as true, *Lavely Unemployment Compensation Case*, 163 Pa. Superior

---

[1] The school district's representative, who was the director of personnel, testified that the rules required claimant to obtain the approval of the principal before leaving the classroom. Claimant testified that she had reported to her immediate supervisor, the teacher, and that the principal, on past occasions, had permitted such a procedure.

Ct. 66, 60 A.2d 352 (1948), we cannot conclude that the Board capriciously disregarded competent evidence. *Cf. Scheel v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 609, 401 A.2d 417 (1979) (claimant's repeated excuse of mechanical failure was not sufficient to justify her repeated failure to arrive for work on time).

Accordingly, we enter the following

ORDER

Now, this 6th day of March, 1981, the order of the Unemployment Compensation Board of Review in the above captioned case, dated June 13, 1979, denying benefits to Barbara K. Vasquez, is hereby affirmed.