Mark L. Cipriani, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. The West Company, Intervenor.

Submitted on briefs September 14, 1983, to Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

*Gretchen Bath,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

*William R. Tait, Jr., McNerney, Page, Vanderlin & Hall,* for intervenor.

OPINION BY JUDGE BARRY, October 24, 1983:

This is an appeal by Mark L. Cipriani (claimant) from an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's decision denying claimant benefits under the Unemployment Compensation Law (Act).[1]

The findings of fact of the referee are as follows:

1. The claimant was last employed as a truck driver by the West Company for one year and eight months. The final rate of pay was $5.31 per hour. Claimant's last day of work was August 12, 1981.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§751-881.

2. During the last eight weeks of his employment, the claimant was tardy for work on approximately twenty-five occasions.

3. The claimant's tardinesses were primarily due to personal reasons.

4. During the course of his employment, the claimant received various warnings from his supervisors and was told to try to improve his attendance record.

5. On August 11, 1981, the claimant's supervisor approached the claimant to discuss a recent incident of tardiness which the claimant had incurred. During the conversation, the claimant refused to sign a write-up for tardiness which the supervisor had offered him.

6. The employer/company policy allowed the employees to refuse to sign such write-ups as a notice to the personnel department of the employer that the employee disapproved of the reprimand which was issued.

7. On August 12, 1981, the claimant was discharged from his employment due to his attendance record and his employer's determination that his refusal to sign the write-up was an act of insubordination.

Although the referee held that the August 11th refusal by claimant to sign the "write-up" or report of alleged employee misconduct did not constitute an act of insubordination, he did deny claimant benefits by holding that claimant's tardiness constituted willful misconduct. The Board affirmed and this appeal followed.

Section 402 of the Act provides, "An employe shall be ineligible for compensation for any week . . . (e) in which his unemployment is due to his discharge . . . for willful misconduct connected with his work.

. . ." 43 P.S. §802. While the Act does not define willful misconduct, this Court has long defined the term as:

> (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973). Because we are speaking of standards of an employer, it is important to remember that:

> A determination of whether an employee has engaged in willful misconduct can therefore only be made by considering what standard of conduct an employer reasonably requires. Standards expected by one employer may of course not be the standards of another employer. Willful misconduct cannot therefore be considered in a vacuum. *It must be considered in relation to the particular employees and to the reasonable standards expected by a particular employer.* (Emphasis added.)

*Woodson v. Unemployment Compensation Board of Review,* 461 Pa. 439, 442-43, 336 A.2d 867, 868 (1975).

It is well settled that habitual tardiness can constitute willful misconduct, thus justifying the denial of benefits. *Spence v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 204, 409 A.2d 500 (1979); *Scheel v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 609,

401 A.2d 417 (1979); *Lowe v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 219, 381 A.2d 501 (1978). It is, however, equally well settled that an employee may be constantly tardy and not guilty of willful misconduct where the tardiness was not in violation of shop rules and/or the employer's standards. *Unemployment Compensation Board of Review v. Kerstetter,* 21 Pa. Commonwealth Ct. 260, 344 A.2d 743 (1975); *Unemployment Compensation Board of Review v. Schmid,* 20 Pa. Commonwealth Ct. 286, 341 A.2d 553 (1975). As we have explained, "employee conduct falling short of an employer's disciplinary standard contained in employer work rules . . . is not willful misconduct because these standards are mere guidelines of behavior telling an employee the type of conduct expected of him and the consequences of a violation." *Spence,* 48 Pa. Commonwealth Ct. at 206, 409 A.2d at 502.

Claimant's sole contention on this appeal is that the case should be remanded since the instant record contains no findings of fact on a number of germane points. First, although testimony at the hearing alluded to rules and various disciplinary procedures of the employer, the findings of fact, however, make no mention of these rules and procedures and their applicability to claimant's case. Second, as will be more fully explained, claimant disputes finding of fact No. 2 concerning the number of times he was tardy.

In *Unemployment Compensation Board of Review v. Crilly,* 25 Pa. Commonwealth Ct. 21, 358 A.2d 739 (1976), an employee was dismissed for absenteeism and tardiness. Claimant raised the issue concerning the lack of employer standards pertaining to the discharge of tardy employees. As no findings of fact had been made in this area, this Court remanded the case to the Board for more explicit findings so that we

could adequately perform our function of appellate review. *Accord: Crowder v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 332, 427 A.2d 765 (1981).

In this case and in respect to this question of employer standards, Timothy Gage (Gage), personnel manager of the employer, was asked by the referee about the company policy concerning tardiness. As Gage testified:

> The policy is that anybody that is late four times within a six month period would receive a verbal warning which in effect would be four units okay. One more time, that would be dealt in five units and that would be a written warning. Seven times is a written warning with a two day suspension.
>
> . . . .
>
> Two more days would result in a written warning with a three day suspension and pending determination, the employee could be · discharged.

When asked if these procedures had been followed in claimant's case, Gage responded somewhat evasively:

> Okay, I would like to add to that also that we felt that there was insubordination involved too. . . .
>
> . . . .
>
> Okay, that disciplinary procedure is used in cases where a person misses or comes in late in excess of three minutes okay. However, if a person and the reason for that is that the individual would be docked in his pay, however, in cases where the person was tardy even though less than for a minute. Okay, if they are three minutes or less, they wouldn't neces-

sarily be covered under that specific procedure. If it's four minutes or more then they would. Finally, however, Gage admitted, "His warnings had primarily been verbal and written warnings. He hadn't gotten to this point where he would go through all of the progressions."

As previously mentioned, appellant also disputes the factual finding that he was tardy on twenty-five occasions during his last eight weeks of work. Gage alluded to the fact that an employee was not considered late unless that employee punched in after the three minute grace period had expired. Concerning appellant, Gage testified, "Okay, in any case his tardiness although it had been less than four minutes in many instances and was becoming excessive and in spite of the fact that his supervisor advised him of that being a problem he still failed to correct it."

It is well settled that the burden of proving willful misconduct is on the employer. *Fritzo v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 268, 429 A.2d 1215 (1981). Thus, it was incumbent upon the employer to show that claimant's tardiness violated the company's rules and therefore constituted willful misconduct. There are two problems with the record now before us. First, the requisite suspensions called for by the company's rules before termination were never given to the claimant. Even more importantly, there is a big question concerning the three minutes grace period given for employees to report for work and how that grace period fit in with the employer's rules on tardiness.

The Board argues that a remand hearing is unnecessary where this Court is convinced the outcome will be the same following the remand. Suffice it to say that we will not speculate on what will be proved at the hearing.

ORDER

AND Now, October 24, 1983, the order of the Unemployment Compensation Board of Review, No. B-201343, dated November 23, 1981, affirming the Referee's denial of benefits, is vacated and the matter is remanded to the Board for proceedings not inconsistent with this opinion.

Jurisdiction relinquished.