**Judith K. HARLAN, Appellant,**

v.

**IOWA DEPARTMENT OF JOB SERVICE and Younker Bros., Inc., Appellees.**

No. 83–890.

Supreme Court of Iowa.

June 13, 1984.

Robert C. Oberbillig, Des Moines, for appellant.

Blair H. Dewey, Walter F. Maley, and Edmund Schlak, Jr., Des Moines, for appellee Iowa Dept. of Job Service.

Roger J. Kuhle of Mumford, Schrage, Merriman & Zurek, P.C., Des Moines, for appellee employer.

Considered by McCORMICK, P.J., and McGIVERIN, LARSON, SCHULTZ and WOLLE, JJ.

SCHULTZ, Justice.

Judith K. Harlan appeals from a district court decision affirming an agency ruling denying her unemployment benefits. In particular, the agency, Iowa Department of Job Service, decided that Harlan was disqualified from receiving benefits because her unexcused and excessive tardiness, after warnings from her employer, constituted misconduct. Younker Brothers, Inc., (Younkers) was named as a party defendant and supported the agency action.

On appeal, Harlan contends the district court erred (1) in finding there was sufficient evidence to support the agency's determination of misconduct, and (2) in affirming the decision since the agency failed to place the burden of proving the misconduct was unexcused on her employer. We disagree with Harlan's contentions and affirm.

On May 10, 1982, Harlan, who had been employed as a salesperson by Younkers since October of 1979, was discharged for excessive tardiness. Shortly after termination, Harlan filed a claim for unemployment benefits under the Iowa Unemployment Security Law, Iowa Code Chapter 96. Younkers protested the payment of benefits on the ground that Harlan was fired for misconduct arising out of a work history of excessive tardiness. After an interview, hearing and internal review, the agency agreed and decided Harlan was not entitled to benefits because her tardiness constituted misconduct.

Harlan then petitioned the district court for judicial review. The district court remanded the case to the agency for a specific finding on whether Harlan's misconduct was excused or unexcused. *See Cosper v. Iowa Department of Job Service*, 321 N.W.2d 6 (Iowa 1982). After the agency made an additional finding that Harlan's tardiness was unexcused, the district court affirmed the denial of benefits, and Harlan appealed to this court. The case was transferred to the court of appeals where it was affirmed by operation of law because that court was evenly divided on whether the trial court erred in affirming the agency's decision. We granted further review.

The review by the district court of an agency's findings is at law, not de novo. The agency's findings are conclusive when the facts are in dispute or when reasonable minds may differ on the inferences to be drawn from the evidence. *Walles v. Iowa Unemployment Security Commission*, 219 N.W.2d 539, 540 (Iowa 1974). Misconduct can only be determined as a matter of law when there is no dispute about the facts or the inferences to be drawn from them. *Greene v. Iowa Dept. of Job Service*, 299 N.W.2d 651, 655–56 (Iowa 1980).

Today in *Higgins v. Iowa Department of Job Service*, 350 N.W.2d 187 (Iowa 1984) we elaborated and expanded on the legal principles concerning excessive unexcused absenteeism as a basis for denying unemployment benefits that were previously enunciated in *Cosper v. Department of Job Service*, 321 N.W.2d 6, 10 (Iowa 1982). We

believe the *Cosper* and *Higgins* decisions on absenteeism are also applicable to tardiness and thus we rely on those principles without repeating them here.

In denying Harlan benefits, the hearing officer found:

The claimant received warnings and counseling sessions with the employer concerning her tardiness March 26, 1981, and again on January 25, 1982. Subsequent to the last warning, the claimant was late for work on January 25, February 20, March 4, 8, 12, April 5, 25, 30, May 1, and May 2, 1982. The claimant was scheduled to report at varying times subsequent to January 25, 1982, ranging from 10:00 a.m. to Noon. The claimant on the dates she was tardy arrived for work from ten to sixty minutes late.

A review of the record shows that Harlan was obligated to be on the sales floor at the hour she was scheduled to begin work. When her reporting time coincided with the store's opening, she was required to be on the floor at that hour after having already obtained the money for her cash register. Her superiors testified that both her tardiness and her frequent failure to alert them she would be late made it difficult to adequately cover her department. Additionally, the evidence indicated that the employer warned Harlan in March of 1981 and again on January 25, 1982, that continued tardiness could result in discharge. In sum, the hearing officer's finding concerning the employer's warning to Harlan and her failure to heed those warnings are amply justified by the record.

Evidence was also received concerning possible excuses for the tardiness. Harlan told her employer she had car problems in 1981 which required her to rely on public transportation. Unquestionably, riding the bus from West Des Moines to the Merle Hay mall was not an ideal means of transportation because the circuitous route necessitated several transfers and a rather early departure from her home. Nevertheless, we agree with the hearing officer's statements that

[w]hile the claimant may have had some problems with weather conditions, the fact remains that the claimant was still tardy in April and May, 1982, when weather conditions would not play such a part in any bus schedule. The claimant alleged in her testimony that she had allowed time to miss one bus and still get to work and that further she could have taken an earlier bus. If the claimant was aware that one bus was going to get her to work late then it was her responsibility to insure that an earlier bus was taken in order to get to work on time.

■ Given her persistent tendency to be late even after repeated warnings and even into the springtime when the weather would not be a substantial obstacle, we conclude, as did the trial court, that substantial evidence supported the agency's ruling that her tardiness was unexcused. Habitual tardiness or absenteeism arising from matters of purely personal responsibilities such as transportation can constitute unexcusable misconduct. *Scheel v. Unemployment Compensation Board of Review*, 42 Pa.Cmwlth. 609, 401 A.2d 417 (1979); *Hillsborough County Dept. of Emergency Medical Services v. Unemployment App. Comm.*, 433 So.2d 24, 25 (Fla.App.1983).

■ In addition to claiming a finding of misconduct was not substantiated by the facts, Harlan also asserts the agency, on remand, misallocated the burden of proof by not requiring her employer to prove her misconduct was unexcused. Essentially, she claims the hearing officer erroneously required Harlan to come forth with evidence justifying her excessive tardiness.

In *Cosper* we held that agency rules placed the burden of proving misconduct on the employer. 321 N.W.2d at 11. Harlan points to one statement in the agency's decision where the hearing officer indicated he "failed to find any evidence in the record which would show the claimant's tardiness for work was excused." This language was followed immediately by a recitation of Harlan's proffered explanation for her conduct, an explanation which was

considered but ultimately rejected by the agency as an excuse.

Without retreating from *Cosper,* we find, on viewing the agency's decision as a whole, that the burden of proof was not allocated in a manner inconsistent with that decision.

Having found no merit in Harlan's assignment of errors, the decision of the trial court upholding the agency's denial of benefits is affirmed.

AFFIRMED.