529 A.2d 612

Russell G. Looney, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 23, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Lawrence R. Chaban, Yablonski, Costello & Leckie,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

Opinion by Judge Palladino, August 10, 1987:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) which affirmed an order denying benefits to Russell G. Looney, Jr. (Petitioner). Petitioner was discharged for absenteeism, which the Referee found to be willful misconduct and denied benefits.[1] We reverse.

Petitioner was employed by Spauldings, Inc. (Employer) as a mechanic from 1979 until his discharge on October 3, 1985. During this time, he accumulated a substantial record of absenteeism and tardiness. When ownership of the company changed, new work rules as to absences, issued September 27 and 28, 1985, and effective August 22, 1985, were imposed. The policy reads:

All employees reporting off from work must contact their immediate supervisor at least one hour before the beginning of their normal shift or starting time. If an employee cannot reach his immediate supervisor, the employee should contact one of the following management personnel:
1. Joseph Leta
2. Foster Myers
3. Richard Garnavish
Employees failing to report off for work in accordance with the Policy described above, will receive two (2) warnings—the first warning will be a verbal warning by the supervisor—the second warning will be a written warning. A third offense of failure to report off from work will constitute automatic termination of employment.

On September 30, 1985, Petitioner called the night foreman to report off from work. The night foreman left

---

[1] Benefits were denied based on Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

a note for Petitioner's immediate supervisor stating that Petitioner would not report for work until October 3, 1985. When Petitioner reported for work October 3, 1985, he was notified that he had been terminated. The reasons given were his failure to report off to his immediate supervisor as required by Employer's policy, as well as violation of paragraph 12 of Petitioner's job description. Paragraph 12 of his job description reads as follows:

> Work schedule and priorities schéduled by supervisor, Joe Leta, Vice President, *only* not by Beezer, Dick, Drivers or Salesman. Violations of this will cause immediate discharge.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Petitioner contends that the Referee's findings are not supported by substantial evidence. The Referee found that Employer had a progressive discipline policy requiring an oral warning and a written warning prior to discharge, The findings at issue are 3, 4 and 6, which are as follows:

> 3) The claimant received an estimated six oral warnings from the manager because of tardiness and absenteeism.

> 4) The claimant received a written warning on September 28, 1985. . . .

> 6) The claimant was absent from on [sic] October 1, 1985 and October 2, 1985, without authorization from the employer.

The employer has the burden to prove both the rule and the fact of its violation. *Sonat Marine v. Unemployment Compensation Board of Review*, 92 Pa. Common-

wealth Ct. 404, 499 A.2d 718 (1985). Where an employer has established a specific rule applicable to all employees, it must follow its own progressive discipline policy when disciplining specific employees. *Cipriani v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 34, 466 A.2d 1102 (1983). Petitioner contends that Employer failed to follow the established policy because no written warning was ever given. We agree. Employer claims the written warning was the new job description issued at the time of the new work rules and effective August 22, 1985. Petitioner does not dispute receipt of the new job description but contends it does not constitute a written warning. We agree.

The job description given to Petitioner cannot be considered a written warning to satisfy Employer's policy because in order to give adequate notice to an employee, a written warning must be specific, stating the exact violation and the consequences of the next occurrence. Paragraph 12 does not deal with absences. It addresses work schedules and who has the authority to make them for Employer. To suggest that the job description issued at the takeover by new management, in any way constitutes prospectively a warning for an absence yet to occur, flies in the face of logic.

We need not address the question of whether Petitioner did or did not report off to the proper person since this does not affect the resolution of this case. Employer failed to follow its own policy. While Employer may have been justified in discharging Petitioner for absenteeism, since no written warning was given, Petitioner may not be deprived of benefits.

### ORDER

AND NOW, August 10, 1987, the order of the Pennsylvania Unemployment Compensation Board of Review is reversed.