# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philadelphia Corporation for Aging,   :
                                       :
                      Petitioner    :
                                         :
                        v.             :    No. 11 C.D. 2015
                                         :
Unemployment Compensation    :    Submitted: June 19, 2015
Board of Review,               :
                                         :
                     Respondent   :

BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**               **FILED: August 5, 2015**

Philadelphia Corporation for Aging (Employer) petitions for review of an Order of the Unemployment Compensation Board of Review (Board) affirming a UC Referee's (Referee) Decision finding Devon C. Hennelly (Claimant) not ineligible for UC benefits pursuant to Section 402(e) of the UC Law[1] (Law) because Employer did not meet its burden of proving Claimant's willful misconduct. On appeal, Employer argues that the Board's Order was improper

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(e). Section 402(e) provides that an employee is ineligible for UC benefits if his "unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." Id.

because: (1) Employer met its burden of proving willful misconduct by establishing the existence and reasonableness of a work rule that Claimant understood and violated; (2) Employer was not obligated to follow its disciplinary procedures as set forth in its personnel handbook; and (3) the totality of Claimant's tardiness and absenteeism constituted willful misconduct. Because the record supports the conclusion, based upon the findings of fact, that Employer did not sustain its burden of proof, we affirm.

Claimant was last employed by Employer as a clerk typist on February 27, 2014 when she was discharged from her employment. (Referee Decision, Finding of Fact (FOF) ¶¶ 1, 20.) On April 8, 2014, Claimant applied for UC benefits with the UC Service Center. (Claim Record, R.R. at 1a.) Claimant stated on her application that she was discharged for being tardy for work on February 25, 2014. (Claimant Questionnaire, R.R. at 6a-7a.) The UC Service Center found that Claimant was not late for work on February 25, 2014; therefore, she was not ineligible for UC benefits pursuant to Section 402(e) of the Law. (Notice of Determination, R.R. at 25a.) Employer appealed to the Referee. (Employer's Petition for Appeal, R.R. at 28a.)

After an evidentiary hearing, at which Claimant and Employer's Assistant Counsel testified, the Referee made the following findings of fact:

1. The Claimant was employed full-time with the Philadelphia Corporation for Aging [] as a Clerk Typist earning $22,000 per year. The Claimant began employment on April 22, 2013, and was last employed on February 27, 2014.

2. The Employer maintains that all employees must serve a 6-month probationary period.

2

3. From April 22, 2013 to July 22, 2013, (3 month period), the Claimant's work performance was satisfactory.

4. After her 3-month probationary review, the Claimant was experiencing time and attendance issues and was becoming habitually late.

5. On September 27, 2013, the Employer required the Claimant to arrive to work at 9:00AM[] and send an email to her Supervisor, time stamped by 9:00AM advising of her arrival.

6. The Claimant's 6-month probation ended on October 22, 2013.

7. Due to Claimant's time and attendance issues, the Employer decided to extend the Claimant's probation an additional 30-days, October 22, 2013 to November 22, 2013.

8. The Claimant was advised that she would not be permitted to have any absences during the 30-day period.

9. On November, 13, 2013, the Claimant was out sick.

10. On December 3, 2013, the Employer decided to extend the Claimant's probation for an additional 30-days, November 22, 2013 to December 22, 2013.

11. The Claimant was to continue to be at her desk at 9:00AM, and email her Supervisor at 9:00AM.

12. The Claimant successfully completed her probation on December 22, 2013, and became a regular member of the staff.

13. The Employer maintains rules and policies which all regular staff must adhere to, specifically: Supervisors should use the following process to deal with unauthorized lateness or leaving early: #1. Determine reasons for lateness or leaving early, if possible. #2. Informally record either observed or notified incidents of lateness and look for a pattern. #3. If a pattern is observed do the following:

   - Describe the observed lateness to the employee

- Counsel the employee to remedy the lateness

- Explain the consequences of continued lateness

#4. If lateness or leaving early continues, carry out disciplinary steps outlined in the <u>disciplinary actions guide</u>, "reporting to work late without justification and approval and leaving job without permission."

14. The Claimant was aware of the Employer's policies.

15. Between December 22, 2013 and January 13, 2014, the Employer began to become concerned about the Claimant's time and attendance.

16. On January 14, 2014, the Employer reinstated the Claimant on probation.

17. The Employer required the Claimant to arrive to work at 9:00AM, and send an email to her Supervisor, time stamped by 9:00AM advising of her arrival.

18. On Monday, February 24, 2014, the Claimant did not send an email to her Supervisor.

19. On Tuesday, February 25, 2014, the Claimant sent an email, time stamped 9:02AM.

20. On February 27, 2014, the Employer discharged the Claimant for violation of her probation.

(FOF ¶¶ 1-20 (emphasis in the original).)  Based on these findings, the Referee determined that Claimant was not ineligible for UC benefits because Employer did not satisfy its burden under Section 402(e) of the Law.  Specifically, the Referee found that Employer did not follow its disciplinary procedures set forth in its personnel handbook for regular employees.  (Referee Decision at 3.)  The Referee found "that once the Claimant satisfactorily completed her probationary period, she became a regular employee, subject to the policies and procedures of the

4

Employer's personnel handbook." (Referee Decision at 3.) The Referee determined that:

> According to the Employer's personnel handbook, the Supervisor is to follow a supervisory procedure regarding unauthorized lateness or leaving early. The personnel handbook states that if lateness or leaving early continues, the Supervisor is to follow the disciplinary steps outlined in the Disciplinary Actions Guide. Here, the Employer did not present the Disciplinary Action[s] Guide into the record, and there is not competent evidence in the record to establish that the Employer followed the Disciplinary Action[s] Guide when it placed the Claimant on probation a second time.

(Referee Decision at 3.) Therefore, the Referee stated that he was unable to conclude that Claimant was disqualified under Section 402(e) of the Law and granted Claimant UC benefits. (Referee Decision at 3.)

Employer appealed to the Board. Upon review, the Board adopted and incorporated the Referee's findings of fact and conclusions of law and affirmed the Referee's Decision. (Board Order.) Claimant now petitions this Court for review of the Board's Order.[2]

In support of this appeal, Employer argues: (1) the Board erred in awarding Claimant benefits because Employer met its burden by establishing the existence of a reasonable work rule, of which Claimant was aware, and that Claimant violated the rule; (2) it was not required to follow its Disciplinary Actions Guide;

---

[2] Our review "is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." Johns v. Unemployment Compensation Board of Review, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth.), petition for allowance of appeal denied, 97 A.3d 746 (Pa. 2014).

and (3) substantial evidence supports the conclusion that Claimant engaged in willful misconduct.

Section 402(e) of the Law states that an employee is ineligible for UC benefits for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ." 43 P.S. § 802(e).[3] When a dismissal for willful misconduct is due to the violation of a specific work rule, the employer has the burden to establish "the existence of the rule, its reasonableness, and that the employee was aware of its existence." Moran v. Unemployment Compensation Board of Review, 973 A.2d 1024, 1029 (Pa. Cmwlth. 2009). "Employer must also establish that the employee actually violated the rule or policy in question." Williams v. Unemployment Compensation Board of Review, 926 A.2d 568, 571 (Pa. Cmwlth. 2007). "Where an employer has established a specific rule applicable to all employees, it must follow its own progressive discipline policy when disciplining specific employees." Looney v. Unemployment Compensation Board of Review, 529 A.2d 612, 614 (Pa. Cmwlth. 1987.)

---

[3] This Court has defined willful misconduct

> as: (1) the wanton and willful disregard of the employer's interests[;] (2) the deliberate violation of rules[;] (3) the disregard of standards of behavior which an employer can rightfully expect from [its] employee[;] or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

Guthrie v. Unemployment Compensation Board of Review, 738 A.2d 518, 521 (Pa. Cmwlth. 1999).

Here, our review of the record reveals that Employer established the existence and reasonableness of its policies and disciplinary procedures, that Claimant was aware of these policies and procedures, and that she violated Employer's policies.[4] Thus, the question becomes whether the Board erred by concluding that Employer did not adhere to its disciplinary procedures applicable to regular employees as set forth in its personnel handbook.

In the instant case, Employer argues that it was not obligated to demonstrate that reinstating Claimant's probation followed its Disciplinary Actions Guide for regular employees. Employer asserts that Claimant's history of lateness and absences, and Employer's willingness to employ her despite that, permit Employer to impose specific rules and disciplinary procedures on Claimant that may be outside the established disciplinary procedures. Employer further contends that an employee handbook does not create a binding agreement between Claimant and Employer and can be unilaterally changed by Employer. Employer also contends that, in focusing on Employer's strict adherence to the Disciplinary Actions Guide, the Referee made a decision that was not supported by substantial evidence because he overlooked the record evidence of Claimant's willful misconduct of repeatedly arriving late despite clear rules and warnings prohibiting such conduct.

Employer is correct that it *can legally terminate* employment of an at-will employee without strictly adhering to its Disciplinary Actions Guide; however, Employer relies on wrongful termination cases, which do not discuss eligibility for

_____

[4] The Board does not dispute that Employer met its burden of proving the existence of a rule regarding tardiness and that Claimant had a history of violating this rule. (Board's Br. at 7.)

7

UC benefits, in its attempt to extend that proposition to the instant UC case.[5]   UC Law, on the other hand, examines whether an employer adheres to its established policy in disciplining or terminating an employee because "promulgation of specific rules puts employees on notice that the employer will not consider such conduct to be adverse to its interest until the requisite number of violations have been committed."    PMA Reinsurance Corporation v. Unemployment Compensation Board of Review, 558 A.2d 623, 626 (Pa. Cmwlth. 1989).   If an employer does not follow its disciplinary policies when discharging a claimant, we have held that the employer has consequently not established, for purposes of UC Law, "that the discharge was for willful misconduct related to [the] [c]laimant's work."   Id.   In these circumstances, the claimant will not be deemed ineligible for UC benefits pursuant to Section 402(e) of the Law notwithstanding the employer's prerogative to discharge at-will employees for any number of reasons.

Here, Employer does not address the Referee's finding that, after Claimant successfully completed probation on December 22, 2013, she became a regular employee subject to the rights and protections set forth in Employer's personnel handbook, including being disciplined in accordance with the Disciplinary Actions Guide.  Employer has provided no record evidence of the disciplinary procedures, as provided for in its Disciplinary Actions Guide, or specified the basis upon which

---

[5] See Garner v. Pennsylvania Human Relations Commission, 16 A.3d 1189, 1204 (Pa. Cmwlth. 2011) (noting that administrative agencies should not act as "super personnel department[s]" overseeing an employer's disciplinary actions for rule violations); Martin v. Capital Cities Media, Inc., 511 A.2d 830, 835 (Pa. Super. 1986) (distributing an employee handbook does not legally bind an employer to its procedures); Lynady v. Community Medical Center, 49 Pa. D. & C. 4th 391, 398 (2000) (receiving an employee handbook with certain job protections does not alter an employee's at-will status).

it could reinstate a 90-day probationary period for a regular employee who is tardy or absent in violation of Employer's rules.[6]  Because Employer did not proffer the Disciplinary Actions Guide or any testimony of any other procedures it follows as record evidence, there was no evidence to support Employer's argument that it could reinstate Claimant's probation as it did.  The Board, therefore, could consider Claimant as a regular, non-probationary employee for purposes of Employer's disciplinary policy, and there was no evidence that the policy provided for termination under the facts found in this case.

Therefore, while we commend Employer for endeavoring to provide Claimant with several opportunities to preserve her employment before ultimately discharging her, the Board did not err in determining that Employer did not meet its burden in establishing Claimant's willful misconduct.[7]  Accordingly, for the foregoing reasons, the Board's Order is affirmed.

_____
**RENÉE COHN JUBELIRER, Judge**

---

[6] Claimant's testimony reveals that she understood that there were disciplinary procedures in place for regular employees.  Claimant testified that, after she was no longer a probationary employee, she "never received a write-up" or a written warning.  (Hr'g Tr. at 25, R.R. at 88a.)  Claimant testified further that Employer "just automatically reinstated my probation.  So one slip, they could terminate me."  (Hr'g Tr. at 25, R.R. at 88a.) Finally, Claimant testified that Employer did not advise her it was displeased with her conduct before her probation was reinstated.  (Hr'g Tr. at 30, R.R. at 93a.)  Claimant testified that Employer's policy required "steps that they [sic] should take, whether it's verbal, written, a write-up when I was no longer probationary."  (Hr'g Tr. at 30, R.R. at 93a.)

[7] Based on our disposition, we need not address Employer's argument that substantial evidence of record demonstrates a pattern of tardiness and absenteeism on the part of Claimant that constitutes willful misconduct.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philadelphia Corporation for Aging,      :
     :
                Petitioner      :
     :
         v.      :     No. 11 C.D. 2015
     :
Unemployment Compensation      :
Board of Review,      :
     :
               Respondent      :

## O R D E R

**NOW**, August 5, 2015, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER, Judge**