# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Linda Stillitano,                               :
                        Petitioner              :
                                                :
            v.                                  :     No. 2316 C.D. 2014
                                                :     Submitted: July 17, 2015
Unemployment Compensation Board :
of Review,                                      :
                        Respondent              :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                 FILED: October 14, 2015


Linda Stillitano (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) holding that Claimant was ineligible for unemployment benefits under Section 402(e) of the Unemployment Compensation Law (Law), 43 P.S. §802(e).[1] In doing so, the Board affirmed the Referee's decision that Claimant committed disqualifying misconduct by acting unprofessionally toward a co-worker without good cause. We affirm.

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). This section states, in relevant part, that a claimant is ineligible for unemployment benefits when "his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act[.]"

Claimant was employed as an outpatient representative at St. Luke's University Hospital (Employer) from February 20, 2012, until she was discharged on July 3, 2014. The stated reason for Claimant's discharge was violating Employer's policy prohibiting unprofessional behavior. On August 8, 2014, the Allentown UC Service Center issued a Notice of Determination denying the claim. Claimant appealed.

On August 25, 2014, a Notice of Hearing was sent to Claimant stating that the Referee's hearing was scheduled for "Monday 9/8/2014." Certified Record (C.R.), Item No.7. The hearing occurred at the appointed date and time. Claimant did not appear. Employer attended and presented the testimony of Linda Shannon, Employer's supervisor for outpatient registration.

Shannon testified that Claimant was discharged for her unprofessional confrontation with a co-worker. As part of her investigation, Shannon interviewed Claimant and the co-worker and reviewed a security video recording of the incident. Shannon described the incident as follows:

> [The co-worker] was instant messaged by [Claimant] to go back to a particular zone; I believe it was zone six, five or six to get an ambulance. The [co-worker] ... was in another registration so she couldn't immediately leave where she was. And so she did and she was heading towards the zone where she was to get to the ambulance and [Claimant] had come down the hall towards her and grabbed her computer and sort of pulled it and then started verbally speaking with her. I believe it was, it seems to be -- she said something to the affect, let me get that. According to [Claimant] the [co-worker] overreacted and she said to the [co-worker] that she shouldn't get pissy with her. So the [co-worker] was really, the [co-worker] was embarrassed because there were other employees, there were doctors, there were nurses and this all happened in front of the patient's room. So she was like verbally chastening [the co-worker].

2

Notes of Testimony, September 8, 2014, at 4 – 5 (N.T. __). Employer also offered into evidence an excerpt of its employee handbook requiring employees to act in a professional and courteous manner toward co-workers and prohibiting harassment.

The Referee found that Employer satisfied its burden of proving that Claimant deliberately violated an established policy. Because Claimant did not attend the hearing, she offered no evidence to establish either good cause for her actions or that Employer's policy was unreasonable. Accordingly, the Referee concluded that Claimant was ineligible for unemployment benefits under Section 402(e) of the Law, 43 P.S. §802(e). Claimant appealed to the Board, explaining that she did not attend the hearing because she misread the date. Claimant contested Employer's version of the facts and requested an opportunity "to give my account of what happened." C.R. Item No. 11. The Board adopted the findings and conclusions of the Referee and affirmed his decision. Claimant now petitions for this Court's review.

On appeal,[2] Claimant argues that the Board erred in not remanding the matter to the Referee so that Claimant could present her side of the story. Claimant contends that she misread the Notice of Hearing and believed the hearing was scheduled for September 9, 2014, rather than September 8. According to Claimant, such a mistake was understandable because of the similarity between the numbers 8 and 9 and the small size of the text. The Board counters that Claimant's negligence in misreading the notice did not justify reopening the record. We agree with the Board.

---

[2] Our review is to consider whether the findings of fact are supported by substantial evidence, Claimant's constitutional rights were violated, or an error of law was committed. *Miller v. Unemployment Compensation Board of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

3

A party who fails to appear at a scheduled hearing must demonstrate "good cause for that failure before the Board will delay the final disposition of the case by remanding for additional hearings." *McNeill v. Unemployment Compensation Board of Review*, 511 A.2d 167, 169 (Pa. Cmwlth. 1986). This Court has repeatedly held that a party's own negligence is not legally sufficient "good cause" for failing to appear at a Referee's hearing. *See, e.g., Eat'N Park Hospitality Group, Inc. v. Unemployment Compensation Board of Review*, 970 A.2d 492 (Pa. Cmwlth. 2008); *Kelly v. Unemployment Compensation Board of Review*, 747 A.2d 436 (Pa. Cmwlth. 2000); and *Sanders v. Unemployment Compensation Board of Review*, 524 A.2d 1031 (Pa. Cmwlth. 1987).

This Court has previously considered and rejected an argument similar to Claimant's. In *Savage v. Unemployment Compensation Board of Review*, 491 A.2d 947 (Pa. Cmwlth. 1985), the claimant argued that he had good cause for missing a Referee's hearing because he misread the date on the Notice of Hearing. We rejected the claimant's contention and upheld the Board.

Claimant seeks to distinguish her case from *Savage* by emphasizing that she misread the notice because the font was too small and the "9," signifying September, was too similar to the "8," which signified the day. Claimant's argument is unavailing because, even if she were unable to distinguish the numbers 8 and 9, the notice also stated that the hearing would be taking place on "Monday." The inclusion of the day of the week should have cleared up any confusion. Accordingly, Claimant's failure to read the Notice of Hearing with care caused her to miss the Referee's hearing. The Board did not err in denying her request to reopen the record.

4

Turning to the merits, we agree with the Board's conclusion that Claimant committed willful misconduct. Willful misconduct has been judicially defined as, *inter alia,* a deliberate violation of an employer's rule or policy. *Frumento v. Unemployment Compensation Board of Review*, 351 A.2d 631, 632 (Pa. 1976). The burden of proving willful misconduct is on the employer. *Cipriani v. Unemployment Compensation Board of Review*, 466 A.2d 1102, 1105 (Pa. Cmwlth. 1983). Once an employer meets its burden, the burden shifts to the claimant to show either that the rule is unreasonable or that the claimant had good cause for violating the rule. *County of Luzerne v. Unemployment Compensation Board of Review*, 611 A.2d 1335, 1338 (Pa. Cmwlth. 1992).

In the matter *sub judice*, Employer met its burden with the testimony of Linda Shannon. Shannon testified that on June 15, 2014, Claimant approached a co-worker, grabbed the co-worker's computer, and told the co-worker not to "get pissy with her." N.T. 5. This incident, which occurred in front of other employees and patients, violated Employer's conduct policy and constituted disqualifying willful misconduct.

For these reasons, the Order of the Board is affirmed.

_____
MARY HANNAH LEAVITT, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Linda Stillitano,                           :
                 Petitioner                 :
                                            :
        v.                                  :    No. 2316 C.D. 2014
                                            :
Unemployment Compensation Board             :
of Review,                                  :
                 Respondent                 :

# **O R D E R**

AND NOW, this 14th day of October, 2015 the order of the Unemployment Compensation Board of Review dated October 30, 2014, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, Judge