IN THE COMMONWEALTH COURT OF PENNSYLVANIA

LaVonta M. Webb,                        :
                    Petitioner          :
                                        :
          v.                            :
                                        :
Unemployment Compensation               :
Board of Review,                        :     No. 545 C.D. 2018
                    Respondent          :     Submitted: September 28, 2018


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED:  December 28, 2018


          LaVonta M. Webb (Webb) petitions, *pro se*, for review of the February
26, 2018 order of the Unemployment Compensation Board of Review (Board),
which affirmed the referee's denial of benefits based on willful misconduct.  Upon
review, we affirm.

          Giant Eagle (Employer) employed Webb as the deli prepared foods
manager in its store located in Franklin, Pennsylvania.  Findings of Fact (F.F.) 1;
Transcript of Testimony (T.T.) 5.   Webb supervised the hot foods and deli
department and her duties included writing food orders, preparing schedules, and
attending regular meetings with the store manager, Lisa Bain (Bain).  F.F. 1; T.T. 8.
While interviewing an employee for possible termination relating to a food safety
violation, Bain learned that the employees in Webb's department were giving

discounts to other employees and family members on hot food items in violation of store policy. F.F. 4; T.T. 6-7. The employees in Webb's department charged other employees and their family members a flat rate of $3.99 per pound on prepared food items regardless of the shelf price for the item. F.F. 5; T.T. 7. Employer had a policy that prohibited employees, including Webb, from creating and giving discounts to employees or their family members on food purchased in the deli unless specifically authorized by Employer. F.F. 9; T.T. 7 & 9.

Bain contacted Employer's loss prevention manager, who interviewed the employees in Webb's department and concluded that Webb gave the discount and trained her employees to give the discount. F.F. 6-8; T.T. 7 & 9. As a result, on June 30, 2017, Employer discharged Webb for "violations of [c]ompany policy in connection with [her] repeatedly granting unauthorized discounts." 6/30/17 letter from Scott P. Moberg of Employee Management Consultants, Inc. to Webb. Webb applied for unemployment compensation benefits with the Erie Unemployment Compensation Service Center (UC Service Center), which denied her request. Subsequently, the UC Service Center issued a notice of determination of overpayment of benefits due to an "error" that caused Webb to be "paid for benefits in which she was later found not eligible to receive." 11/8/17 Notice of Determination of Overpayment of Benefits.

Webb appealed the UC Service Center's decision to deny her request for unemployment compensation benefits and determination of overpayment of benefits to the referee, who held a hearing on the matter. Based on the evidence presented, the referee affirmed the UC Service Center's decision and concluded that Employer met its burden of proving that it discharged Webb for reasons which rise to the level of willful misconduct in connection with her work pursuant to Section

2

402(e) of the Pennsylvania Unemployment Compensation Law.[1] 12/18/17 Referee's Decision/Order at 3. In so concluding, the referee explained:

> the employer has policies which were known to [Webb] which prohibit granting or receiving unauthorized discounts to or from a customer or employee and dishonesty in form. [Webb] was in charge of the department and she was required to train employees on policies. The employer has provided credible testimony that [Webb] was training employees to give employees and their family members discounts and [Webb] had no authority to do so. Although [Webb] has only admitted to averaging out prices, that would still be a violation of the employer's policies.

*Id.* The referee further concluded that Webb received unemployment compensation benefits to which she was not entitled due to an error at the UC Service Center, and therefore, has a non-fault overpayment of benefits. *Id.* Webb appealed the referee's decision to the Board, which adopted and incorporated the referee's findings of facts and conclusions of law by order dated February 26, 2018. Webb now petitions this Court for review.[2]

---

[1] Section 402(e) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936 (Second Exec. Sess.), P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e), provides, in relevant part, "[a]n employe shall be ineligible for compensation for any week-- (e) [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work."

[2] Our scope of review in this case is limited to determining whether the factual findings are supported by substantial evidence and whether an error of law has been committed. *Johnson v. Unemployment Comp. Bd. of Review*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). Substantial evidence is defined as relevant evidence upon which a reasonable mind could base a conclusion. *Id.* The Board's findings of fact are conclusive on appeal as long as the record, taken as a whole, contains substantial evidence to support those findings. *Brandt v. Unemployment Comp. Bd. of Review*, 643 A.2d 78, 79 (Pa. 1994).

In cases involving a work rule violation, the employer must establish the existence of the work rule and its violation. *Cipriani v. Unemployment Comp. Bd. of Review*, 466 A.2d 1102, 1105 (Pa. Cmwlth. 1983). Here, Employer established that it had a rule prohibiting employees from creating and giving discounts on prepared food items, T.T. 9, and Webb does not dispute this on appeal. Rather, before this Court, Webb disputes that she violated Employer's policy. Webb argues that the Board erred when it adopted the referee's finding that she "trained deli employees how to give the discount" because she "never gave any employee the authority to give discounts or even trained them to do so." Webb's Brief at 9. Webb maintains that she did not authorize or train the employees to give discounts; therefore, the Board's conclusion that Employer terminated her for willful misconduct connected to her work is not supported.[3] *Id.* at 10.

Upon review of the record, we conclude that the Board's finding that Webb trained deli employees on how to give the discount, Finding of Fact 8, is supported by substantial evidence. At the hearing, Bain testified that the employees told her, when interviewed, that they would sell hot food items to the employees and their families at a flat rate of $3.99 per pound, that Webb was aware of this practice, and that Webb trained the employees to provide the discount. T.T. 6-7. A clerk in the hot foods deli department, Amanda Hart, testified and corroborated Bain's testimony[4] that Webb and the cook trained Hart to authorize discounts on prepared foods to employees and their families. *Id.* at 10-11. The Board found this evidence

---

[3] Webb asserts that the referee and the Board erred when they found that she was manager for longer than she actually was. This was harmless error; the pertinent fact is that Webb was the deli manager at the time of termination.

[4] Hearsay evidence admitted without objection will be given its natural probative effect and may support a finding of the Board if it is corroborated by competent evidence in the record. *Walker v. Unemployment Comp. Bd. of Review*, 367 A.2d 366 (Pa. Cmwlth. 1976).

to be credible. The Board is the ultimate fact finder and arbiter of credibility; its credibility determinations are not subject to re-evaluation by this Court. *Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Review*, 173 A.3d 1224, 1227 (Pa. Cmwlth. 2017). Additionally, Webb admitted that she knew that an employee in her department, the cook, was discounting hot food for employees and Webb admitted that she made price adjustments when busy.[5] T.T. 11; F.F. 7-8 & 10. Webb had no authority to permit employees to give the discount, yet she trained employees on how to give the discount. T.T. 9-11; F.F. 8- 9. This was a violation of Employer's policy. Consequently, the Board did not err, as a matter of law, when it concluded that Employer discharged Webb for willful misconduct and denied her request for benefits.[6]

Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

_____

[5] Webb testified:

> [T]he only thing that I ever did wrong in that [sic] Hot Foods was if it was really crowded, if there was a big line of people, if somebody came up and they wanted the hot wings and they wanted fries which were wedges they were called. Wedges for $3.99 a pound and the hot – the other chicken, it was $5.99 a pound. I would charge them $4.99 a pound. To me that wasn't giving them a discount because the fries were very heavy, so was the meat, so to me it equaled out.

T.T. 11.

[6] To the extent Webb asserts that she is entitled to the benefits she received and no overpayment was made, the Board contends that Webb waived this issue because she did not raise it in her appeal to the Board. We agree. *Merida v. Unemployment Comp. Bd. of Review*, 543 A.2d 593, 596 (Pa. Cmwlth. 1988) (issues not specifically raised in the appeal to the Board are waived and the Board is not required to review the evidence in search of errors). Moreover, given our conclusion that the Board did not err when it concluded that Employer discharged Webb for willful misconduct and, therefore, was not entitled to benefits, any benefits Webb received constituted an overpayment of benefits.

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

LaVonta M. Webb,                           :
                  Petitioner              :
                                          :
                                          :
         v.                      :
                                          :
Unemployment Compensation                  :
Board of Review,                           :   No. 545 C.D. 2018
                Respondent              :

## O R D E R

AND NOW, this 28th day of December, 2018, the February 26, 2018 order of the Unemployment Compensation Board of Review is AFFIRMED.

 

 

_____
CHRISTINE FIZZANO CANNON, Judge