604 A.2d 1072

**Thomas G. REESE, Appellant**

v.

**TOM HESSER CHEVROLET–BMW.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1991.

Filed March 16, 1992.

Richard S. Campagna, Scranton, for appellant.

John R. O'Brien, Scranton, for appellee.

Before ROWLEY, President Judge, and WIEAND and JOHNSON, JJ.

JOHNSON, Judge.

Thomas G. Reese appeals from an order granting Tom Hesser Chevrolet–BMW's Motion for Summary Judgment. We are asked to determine whether the public policy of this Commonwealth is offended where an employer demands that employees, on pain of dismissal, contribute pro-rata to cover the employer's loss on used vehicle sales, where the loss results from incorrect information provided by the employees to the lending bank in the regular course of business. We find no public policy violation. We affirm.

Thomas G. Reese was employed by Tom Hesser Chevrolet–BMW (hereinafter "Hesser Chevrolet") as a used car salesman from March 1985 until July 1987. Reese had been working for Hesser Chevrolet for approximately four months when he arranged to sell a used truck to a customer named Morgan. When a vehicle was sold, Hesser Chevrolet would arrange financing with a local bank by telephone. Information necessary to establish the loan value of a vehicle would be given by the salesman to Hesser Chevrolet's finance manager who, in turn, communicated it to the bank.

Two years after the sale, the financing bank claimed it had been given false information by Hesser Chevrolet concerning the mileage on the Morgan truck and the presence of a cruise control. As a result, the bank had released funds to Hesser Chevrolet in excess of the truck's real loan value. When the truck loan was not repaid, the bank charged Hesser Chevrolet's account $1200 for the loss that resulted from this, and one other similar, transaction.

In response to the bank's action, Hesser Chevrolet assessed $300.00 each against its sales manager, its finance

manager, Reese and the salesperson involved in the other sale. The other three employees paid the assessment. Reese was told that his refusal to pay the $300 assessed against him would result in his dismissal. He refused to pay and was dismissed in July 1987.

Reese filed a Complaint against Hesser Chevrolet alleging that he had been unlawfully discharged. At the close of pleadings, Hesser Chevrolet moved for summary judgment. In its supporting brief, Hesser Chevrolet averred that Reese had produced no facts of record upon which to base any allegation of wrongful discharge. Subsequently, Reese filed an answer to the motion, supporting his answer by deposition excerpts.

In his answer, Reese admitted that he was an at-will employee of Hesser Chevrolet. He also admitted that he was dismissed for his failure to pay the $300 fine to Hesser Chevrolet. On April 3, 1991, the court granted Hesser Chevrolet's Motion for Summary Judgment. Reese asserts the following issue on appeal:

Where an employee is discharged for refusing to become the victim of a crime does his discharge violate the public policy of the Commonwealth of Pennsylvania?

In determining whether the trial court erred in granting a motion for summary judgment, this court must determine whether the "pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b); An entry of summary judgment may be granted only in cases where the right is clear and free from doubt. *Marks v. Tasman*, 527 Pa. 132, 134, 589 A.2d 205, 206 (1991). *Okkerse v. Howe*, 405 Pa.Super. 608, 610, 593 A.2d 431, 432 (1991). The moving party has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Id.*

■ Absent statutory, contractual or public policy exceptions to the contrary, employment is terminable at-will by either party. *Geary v. United States Steel, Corp.*, 456 Pa. 171, 175, 319 A.2d 174, 176 (1974). One limited exception to this doctrine has emerged in this state allowing redress if the discharge of an employee-at-will violates a clearly defined mandate of public policy. *Field v. Philadelphia Elec. Co.*, 388 Pa.Super. 400, 418, 565 A.2d 1170, 1179 (1989).

This public policy exception has been very narrowly drawn and has been applied in only rare instances where important issues of public policy are raised. *See e.g., Reuther v. Fowler & Williams, Inc.*, 255 Pa.Super. 28, 386 A.2d 119 (1978) (termination for serving on a jury); *Perks v. Firestone Tire & Rubber Co.*, 611 F.2d 1363 (3rd Cir.1978) (termination for refusal to take polygraph when state statute forbids); *Novosel v. Nationwide Ins. Co.*, 721 F.2d 894 (3rd Cir.1983) (termination for refusal to participate in employer's lobbying effort); *Shaw v. Russel Trucking Lines, Inc.*, 542 F.Supp. 776 (W.D.Pa.1982) (termination for refusal to violate antitrust law).

■ Here, Reese argues that Hesser Chevrolet's action of imposing the $300 fine violated public policy. He contends that since his commission on the sale of the truck in 1985 was approximately $167, he was being asked to contribute almost twice his commission, thus being asked to pay for his employer's lost profit which had been confiscated by the bank. Reese argues that this was all without any showing that he, Reese, bore any fault in the matter. Reese argues that this constituted "the threat of extortion under 18 Pa.C.S.A. 3923(a)(7)." Appellant's Brief at 16. Reese concludes, therefore, that he was discharged for refusing to become a victim of a crime, which would offend public policy. This argument fails.

The section of the Crimes Code upon which Reese relies to claim he would be a victim of a crime provides:

### § 3923. Theft by extortion

(a) **Offense Defined.**—A person is guilty of theft if he intentionally obtains or withholds property of another by threatening to:

· · · · ·

(7) inflict any other harm which would not benefit the actor.

18 Pa.C.S. § 3923(a)(7). This case does not involve a threat by Hesser Chevrolet to inflict harm on Reese; rather, it involves the imposition of an assessment by an employer against an employee whose actions may have contributed to a $1200 loss. Reese does not attempt to fit Hesser Chevrolet's actions into any of the activities set forth in the first six subsections of Section 3923. We decline to determine that the threat of discharging an at-will employee for failure to join in the restitution surrounding several bad auto loans constitutes the infliction of "any other harm which would not benefit the actor [Hesser Chevrolet]." Reese does not argue that the dismissal of employees thought by their employer to have been responsible for losses is not intended to benefit the employer. We are unable to conclude that the fine imposed upon Reese and the other employees, on pain of discharge, amounted to extortion.

It may well be that the action of the employer was unfair to Reese; however, it still does not rise to the level of a public policy violation. *See Darlington v. General Electric*, 350 Pa.Super. 183, 210, 504 A.2d 306, 320 (1986) (no public policy violation where employee was discharged without opportunity to defend himself against allegations of phone account irregularities).

Reese does not contend that there is any genuine issue for trial. The facts are not in dispute. The only question before us is whether, on the facts presented, Hesser Chevrolet is entitled to judgment as a matter of law. We are unable to find any offense to the public policy of this Commonwealth. Consequently, we find that the trial court did not err in granting Hesser Chevrolet's Motion for Sum-

mary Judgment.   Accordingly, the order of April 3, 1991, is AFFIRMED.

Order AFFIRMED.