## Lynady v. Community Medical Center

C.P. of Lackawanna County, no. 97-CV-252.

*Paul A. Kelly,* for plaintiff.
*Matthew P. Barrett,* for defendant.

MINORA, *J.,* June 22, 2000—Presently before the court is the defendant's motion for summary judgment. This matter arises out of the defendant discharging the plaintiff from his employment at the Community Medical Center. The defendant's action is premised on the argument that the plaintiff was an "at-will" employee and as such has no contractual right to relief. The plaintiff argues that both the letter of discharge and the defendant's human resources policy and procedure manual give rise to an employment relationship that is not terminable at will. Arguments on this issue were heard before this court on January 18, 2000. Both parties have submitted their respective briefs. Accordingly, we will now decide this issue.

## FACTUAL BACKGROUND

In March of 1982, Timothy Lynady, plaintiff, was hired by Community Medical Center, defendant, to work in

the Data Processing Department. Since his hiring, the plaintiff's job performance has been consistently rated favorably. On January 18, 1995, the defendant notified the plaintiff that due to "work force reduction," his position would be terminated. In a letter notifying him of his discharge, the defendant outlined its policy in rehiring should a vacancy appear:

"*Seniority rights*—when a vacancy occurs in the position from which an employee was displaced, individuals will be recalled in the reverse order of the work force reduction or displacement. When a vacancy occurs in a position from which no employee was displaced, the employee on the work force reduction list with the most hire date seniority, who is qualified, shall be offered the position. In addition, those employees displaced whose positions were eliminated will also be considered for vacancies in other areas for which they could perform the job with minimal orientation and training." Plaintiff's exhibit B-1, letter from defendant dated January 18, 1995.

Subsequent to the plaintiff's termination, the defendant has allegedly hired a minimum of at least seven people to positions for which the plaintiff claims to be qualified. This is the cause of action in the present dispute. Such hires would be in violation of both the termination letter and the policies and procedures manual if the plaintiff is technically qualified to hold those jobs.

The plaintiff asserts the following six counts against the defendant. (1) Count I accuses the defendant of age discrimination. (2) Count II accuses the defendant of breaching the human resourcee policy and procedure manual relating to seniority. (3) Count III seeks equitable relief from the court. (4) Count IV accuses the defendant of fraudulent misrepresentation. (5) Count V

accuses the defendant of negligent misrepresentation, and (6) Count VI accuses the defendant of breaching the implied duty of good faith and fair dealing.

## DISCUSSION

### I. *Issue*

At issue is the disposition of the defendant's motion for summary judgment seeking dismissal of the plaintiff's six counts set forth above asserted in his amended complaint. Much of this decision will hinge on whether the plaintiff was in fact an "at-will" employee. Therefore the initial steps in this analysis after a brief review of the summary judgment standard will be to discuss the nature of an "at-will" employment arrangement and whether the plaintiff fell under this category. Following this, each of the plaintiff's six counts will be addressed relative to the defendant's motion for summary judgment.

### II. *Standard of Review for Summary Judgment*

A party may move for summary judgment after pleadings are closed in two situations. First, when there is no genuine issue of material fact that could be established by additional discovery, and second, after discovery, if an adverse party bearing the burden of proof has failed to produce evidence of essential facts so as to warrant the submission of the issue to a jury. Pa.R.C.P. 1035.2; *Fazio v. Fegley Oil Co. Inc.*, 714 A.2d 510, 512 (Pa. Commw. 1998). Further, under the revised rules, a court may grant summary judgment where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Boyer v. Walker,* 714 A.2d 458, 459

(Pa. Super. 1998); *Cappelli v. York Operating Co. Inc.,* 711 A.2d 481, 483 (Pa. Super. 1998) (en banc). When making this determination, the trial court must consider the evidence in a light most favorable to the non-moving party. Pa.R.C.P 1035.1-1035.4; *Harman by Harman v. Borah,* 720 A.2d 1058, 1061 (Pa. Super. 1998); *Sebelin v. Yamaha Motor Corp. USA,* 705 A.2d 904, 907 (Pa. Super. 1998). See also, *Washington v. Baxter,* 553 Pa. 434, 441, 719 A.2d 733, 737 (1998).

Rule 1035.3(a) requires that the adverse party file a response setting forth the facts in dispute within 30 days after the service of the motion for summary judgment. Pa.R.C.P. 1035.3(a); *Henninger v. State Farm Insurance Co.,* 719 A.2d 1074, 1076 (Pa. Super. 1998); *Stilp v. Hafer,* 701 A.2d 1387, 1390 (Pa. Commw. 1997). Where a motion for summary judgment has been properly supported with corroborating documentation, the adverse party must demonstrate by specific facts contained within their depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue of material fact for trial. *Sovich v. Shaughnessy,* 705 A.2d 942, 944 (Pa. Commw. 1998), citing *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991).

### III. *The "At-Will" Employment Relationship*

### A. The Nature of the "At-Will" Employment Relationship

Pennsylvania law presumes that all employment is "at-will," except where a definite contract with terms to the contrary exists (*i.e.,* terms which specify a definite duration for the term of employment). As such, an employee

may be discharged for any reason or no reason. *Stumpp v. Stroudsburg Municipal Authority,* 540 Pa. 391, 396, 658 A.2d 333, 335 (1995); *Niehaus v. Delaware Valley Medical Ctr.,* 429 Pa. Super. 119, 121, 631 A.2d 1314, 1315 (1993), citing *Scott v. Extracorporeal Inc.,* 376 Pa. Super. 90, 94, 545 A.2d 334, 336 (1988); *Marsh v. Boyle,* 366 Pa. Super. 1, 530 A.2d 491 (1987). Where there is no definite contract with contrary terms, the "at-will" employment relationship exists only so long as both the employer and the employee so desire. *Martin v. Capital Cities Media Inc.,* 354 Pa. Super. 199, 213, 511 A.2d 830, 837 (1986), citing E.A. Farnsworth, Contracts §532 (1982).[1] Accordingly, the "at-will" employment relationship is terminable by the employer or the employee at any time. *Reese v. Tom Hesser Chevrolet—BMW,* 413 Pa. Super. 168, 604 A.2d 1072 (1992). See also, *McLaughlin v. Gastrointestinal Specialists Inc.,* 561 Pa. 307, 750 A.2d 283 (2000).

### B. The Nature of the Plaintiff's Employment Relationship With the Defendant

Because of the legal presumption that all employment relationships are "at-will," the burden of proof will naturally rest with the party challenging this presumption. *Greene v. Oliver Realty Inc.,* 363 Pa. Super. 534, 543, 526 A.2d 1192, 1196 (1987). Here, the plaintiff challenges this presumption by arguing that the defendant's

---

1. Every employment relationship (both "at-will" and otherwise) is contractual in nature. "At-will" relationships are terminable at will by both the employer and employee because both parties presumably entered into the relationship with this term in mind. *Darlington v. General Electric,* 350 Pa. Super. 183, 504 A.2d 306 (1986), *overruled on other grounds,* (citations omitted).

letter notifying the plaintiff of his termination along with the defendant's human resources policy and procedure manual, from which the letter was based, created an implied employment contract which negates the "at-will" presumption. Because of this, the plaintiff bears the burden of rebutting the presumption of the existence of an "at-will" employment relationship.

The letter in question contains a paragraph (quoted *supra* in the "factual background" section of this opinion), which allegedly gives rise to a contractual agreement as to the plaintiff's employment with the defendant. The plaintiff also cites to the provisions of the manual in his amended complaint to buttress the proposition of this alleged implied employment contract. The terms of the manual read as follows:

*"Employee identified for work force reduction*—In times when it is necessary to reduce CMC's work force generally, the employee with the lowest seniority in a designated job title classification, in the cost center impacted by work force reduction, will be selected." Defendant's human resources policy and procedure manual, page 2.

The plaintiff argues that these provisions have the effect of negating the "at-will" presumption thus creating an implied employment contract, the terms of which require the defendant to rehire the plaintiff if a new position should open up subsequent to his discharge. We do not agree.

It is well settled that the terms of an employee handbook or manual outlining employment policies are not binding on the employer unless the terms were bargained over between the employer and employee. *Martin v. Capital Cities Media Inc.,* 354 Pa. Super. 199, 215, 511

A.2d 830, 836 (1986). The justification for this reasoning is that the terms in the manual or handbook lack consideration and further, no reasonable employee would consider the terms to be binding because the employer reserves the right to unilaterally change the terms. *Id.; Luteran v. Loral Fairchild Corp.,* 455 Pa. Super. 364, 371, 688 A.2d 211, 216 (1997).[2] Based on this reasoning, the terms of both the termination letter and the employee manual would not constitute an implied employment contract. Therefore, the plaintiff would be an employee "at-will."

## IV. *The Defendant's Motion for Summary Judgment*

### A. Count I—Age Discrimination

Count I of the amended complaint entitled "age discrimination" alleges that the defendant, by terminating the plaintiff; "willfully, knowingly, and intentionally discriminated against him on the basis of his seniority." See plaintiff's amended complaint, Count I, paragraph 16. The defendant asserts in its answer that the plaintiff has not followed the proper procedure to file such a claim under the Pennsylvania Human Relations Act. See 43 P.S. §951 et seq. (1999). The plaintiff responded to the defendant's answer that he is not asserting the claim of age discrimination under the Human Relations Act. How-

---

2. In the recent case of *Luteran,* the Superior Court could find no intent on the part of the employer to create a legally binding contract from a handbook which contained no language to that effect. The court further expounded that it would be unreasonable to conclude that the handbook legally committed the employer to discharge its employees only for cause.

ever, the plaintiff neglects to inform the court, both in his pleadings or in his brief under which theory this allegation is pled. Certainly, under the Human Relations Act, a suit for age discrimination would be inappropriate because the plaintiff has not exhausted all of his administrative options as required. *Vincent v. Fuller Co. and GATX Corp.,* 532 Pa. 547, 556, 616 A.2d 969, 974 (1992); 43 P.S. §959 (1999).

The plaintiff also asserts a claim for discrimination based on seniority. Because it has been determined that the plaintiff was an "at-will" employee, there is no cause of action for discrimination based on seniority or any other cause that is not a statutory exception to the "at-will" employment relationship. *Stumpp v. Stroudsburg Municipal Authority,* 540 Pa. 391, 396, 658 A.2d 333, 335 (1995); *Niehaus v. Delaware Valley Medical Ctr.,* 429 Pa. Super. 119, 121, 631 A.2d 1314, 1315 (1993), citing *Scott v. Extracorporeal Inc.,* 376 Pa. Super. 90, 94, 545 A.2d 334, 336 (1988); *Marsh v. Boyle,* 366 Pa. Super. 1, 530 A.2d 491 (1987).

Accordingly, this court finds that no issue of material fact needs to be decided, and therefore, the defendant's motion for summary judgment as to the plaintiff's claim of age discrimination is granted. The plaintiff is strongly encouraged to pursue his administrative options if he is still able to do so.

### B. Count II—Breach of Human Resource Policy and Procedure Manual Relating to Seniority

On this count, the plaintiff relies upon the same paragraph of the defendant's human resources policy and procedure manual quoted in the previous section. As discussed above, these terms are unsupported by consider-

ation nor could the plaintiff have reasonably relied on the terms of this manual. *Luteran v. Loral Fairchild Corp.,* 455 Pa. Super. 364, 371, 688 A.2d 211, 216 (1997); see also, footnote 2 of this opinion, *Martin v. Capital Cities Media Inc.,* 354 Pa. Super. 199, 215, 511 A.2d 830, 836 (1986), citing E.A. Farnsworth, Contracts §532 (1982); *Reese v. Tom Hesser Chevrolet—BMW,* 413 Pa. Super. 168, 604 A.2d 1072 (1992). Therefore, these terms are unenforceable as a matter of law. Accordingly, the defendant's motion for summary judgment as to Count II is granted.

## C. Count III—Equitable Relief

The plaintiff asserts in Count III that he has no plain, adequate, or complete remedy at law to redress the wrongs allegedly committed against him by the defendant. As such, the plaintiff asks the court for reinstatement as well as other non-equitable (*i.e.,* monetary) relief. Because this is a request for relief, the court will reserve its consideration thereof until a final decision on the merits has been reached.

## D. Count IV—Fraud/Fraudulent Misrepresentation

The plaintiff next argues that the representations made by the defendant in the termination letter, namely concerning rehiring based on seniority were made falsely and with knowledge of its falsity which induced him to rely on said representations to his detriment. In Pennsylvania, in order to maintain a cause of action for fraudulent misrepresentation, there must be (1) a misrepresentation, (2) a fraudulent utterance thereof, (3) an intention by the maker to induce the recipient to act, (4) justifi-

able reliance on the part of the recipient, and (5) damage to the recipient proximately resulting therefrom. *Edmondson v. Zetusky,* 674 A.2d 760, 765 (Pa. Commw. 1996). The alleged fraudulent misrepresentation, however, was made concerning a promise to perform a future action. Specifically, the termination asserted that the plaintiff would be rehired should certain specified conditions occur in the future. As the defendant correctly points out, it is well-established in Pennsylvania that the breach of a promise to do something in the future is not actionable in fraud. *Shoemaker v. Commonwealth Bank,* 700 A.2d 1003, 1006 (Pa. Super. 1997). As such, the defendant's motion for summary judgment as to Count IV of the plaintiff's amended complaint is granted.

### E. Count V—Negligent Misrepresentation

The plaintiff argues in Count V that the same representation forming his allegation of fraudulent misrepresentation also gives rise to the tort of negligent misrepresentation. "Negligent misrepresentation requires proof of: (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Bortz v. Noon,* 556 Pa. 489, 500, 729 A.2d 555, 561 (1999). The elements of negligent misrepresentation differ from intentional misrepresentation in that the misrepresentation must concern a material fact and the speaker need not know his or her words are untrue, but must have failed to make a reasonable investigation of the truth of these words. *Id.* Also, all actions in negli-

gence require the existence of a duty owed by the defendant to the plaintiff. *Id.*

The defendant argues that the only distinction between fraudulent misrepresentation and negligent misrepresentation is the state of mind of the reported actor. Further, because (under the defendant's theory) the breach of a promise to do something in the future is not actionable in fraud, so too is it not actionable under the theory of negligence. The defendant, however, fails to support this proposition with any case law, nor has the court found this to be supported by further research. Negligent misrepresentation does differ from fraudulent misrepresentation in two significant ways. First, fraud arises out of knowing or reckless behavior, whereas negligence arises out of behavior lacking reasonable care. *Woodward v. Dietrich,* 378 Pa. Super. 111, 548 A.2d 301 (1988). Second, the tort of negligence is provable by a preponderance of the evidence, whereas fraud is provable by clear and convincing standard. See generally, *In re Hancock,* 719 A.2d 1053, 1056 (Pa. Super. 1998). The theory that a future promise is not actionable under a negligence theory is unsupported. As such, there does appear to be an issue of fact as to the elements of this count. Accordingly the defendant's motion for summary judgment as to negligent misrepresentation is denied.

### F. Count VI—Breach of Implied Duty of Good Faith and Fair Dealing

The plaintiff's final count asserts that the defendant's act of promoting a co-employee of the plaintiff, junior in seniority to the plaintiff, after he was terminated is contrary to the implied covenant of good faith. As discussed *supra,* the plaintiff was an employee "at-will."

As such, this court cannot see how the implied covenant of good faith or any covenant was violated when he was terminated by the defendant. See generally, *DiBonaventura v. Consolidated Rail Corp.,* 372 Pa. Super. 420, 430, 539 A.2d 865, 870 (1988). Further, Pennsylvania law does not recognize a duty of good faith and fair dealing in an employment "at-will" contract concerning the termination of employment. *Banas v. Matthews International Corporation,* 348 Pa. Super. 464, 502 A.2d 637 (1985). Moreover, an employee cannot, as a matter of law, maintain an action for breach of an implied duty of good faith and fair dealing if the underlying claim is for termination of an "at-will" employment relationship. *Donahue v. Federal Express Corp.,* 753 A.2d 238 (Pa. Super. 2000). Accordingly, the defendant's motion for summary judgment as to plaintiff's Count VI is granted.

## IV. *Conclusion*

It is the inescapable conclusion of law that the plaintiff is an "at-will" employee. The "at-will" employment rule has been law in Pennsylvania since the nineteenth century. In recent years, the rule has been sharply criticized because it gives employers too much discretion and allows them to take unfair advantage of employees. *Banas v. Matthews International Corp.,* 348 Pa. Super. 464, 479, 502 A.2d 637, 644 (1985). Cases such as the one sub judice are the reason for this criticism. Instantly, the court is deeply troubled and frustrated by the actions of the defendant Community Medical Center. Specifically, the defendant asserted, both in its policy manual and its letter of discharge, that the plaintiff would be re-hired in a manner in which the defendant evidently had

no intention of implementing. To hold out this promise, merely for the purposes of ostensibly appearing concerned about their ex-employees' welfare smacks of bad faith, if not in law then in spirit. Sadly, in Pennsylvania, the criticism of the "at-will" rule has not matured into a rejection. Further, to use a policy and procedures manual to dictate terms of employment by employer to an employee and then to allow that same employer not to be bound by the same document at employer's whim and caprice and on a case-by-case basis shocks this court's conscience. Such unilateral policy manual manipulation and interpretation by the employer creates a one-sided atmosphere unless an employee's violation of the manual's terms is not actionable since the employer can also ignore the manual as it sees fit. Certainly, an employer should not be allowed to use policy manual violations for cause discharge if they can then choose to ignore those same manual provisos that protect an employee when they, at their whim, choose to so act. This unilateral policy manual enforcement shocks this court's sense of justice and makes most understandable some employees' feeling that they need labor union protection.

Because of this onerous and one-sided "at-will" rule, most of the counts brought forth by the plaintiff are quite unfortunately non-recoverable as a matter of law thus mandating this court's granting of summary judgment as to most counts. Count I, age discrimination is non-recoverable because the plaintiff has not exhausted all of his administrative remedies. Count II, breach of human resources policy and procedure manual is non-recoverable because the law in Pennsylvania is clear. Employee manuals are not binding on employers unless they clearly assert, in unambiguous language, an intent to be

bound even though they hold their employees to the same manuals they ignore. Count IV, fraudulent misrepresentation is non-recoverable because here the law in Pennsylvania is also clear. Fraud is not recoverable on a promise to perform a future act. Finally, Count VI, breach of implied duty of good faith and fair dealing is non-recoverable because there is no such duty in an at-will employment contract concerning termination of employment.

The plaintiff has two viable claims as a matter of law. The plaintiff may proceed on Count V, negligent misrepresentation and Count III, the claim for equitable relief. As such, the defendant's motion for summary judgment as to these counts is denied.

An appropriate order will follow.

## ORDER

And now, to wit, June 22, 2000, after consideration of the learned written and oral arguments of counsel and in accordance with the foregoing memorandum, it is hereby ordered and decreed that the defendant's motion for summary judgment to Count I (age discrimination), Count II (breach of human resources policy and procedure manual), Count IV (fraudulent misrepresentation) and Count VI (breach of implied duty of good faith and fair dealing) is granted and Counts I, II, IV and VI of the plaintiff's amended complaint are dismissed with prejudice.

It is further ordered and decreed that defendant's motion for summary judgment as to Counts V (negligent misrepresentation) and Count III (equitable relief) is denied. Plaintiff will be allowed to proceed on Counts III and Count V of his amended complaint.