J-S60032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PETER ROBERT SEAMON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ELMER KENNETH ACKER AND PATRICK J. MCLAINE, ACKER ASSOCIATES INC. | |
| Appellee | No. 149 MDA 2014 |

Appeal from the Order Entered December 18, 2013
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 94-CV-4378

BEFORE:  OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:               **FILED MARCH 27, 2015**

Appellant Peter Robert Seamon ("Employee") appeals *pro se* from the order entered in the Lackawanna County Court of Common Pleas which granted summary judgment in favor of Appellees Elmer Kenneth Acker, Patrick J. McLaine, and Acker Associates Inc. ("Employers").  For the reasons that follow, we reverse the trial court's order and remand for further proceedings.

The relevant facts and procedural history of this appeal are as follows. On August 19, 1992, Employee slipped and fell while in the course of his employment with Employers.  On September 16, 1992, after Employee presented Employers with an MRI bill, Employers fired Employee.  Employers claimed they fired Employee due to his failure to comply with company policy, including properly reporting accidents in the workplace.  Although

Employee did not officially file a Workers' Compensation[1] claim until November 9, 1992, he requested Employers to file a Workers' Compensation claim sometime before Employers' response to this request on September 16, 1992. *See* Employers' letter, dated September 16, 1992. Employee's request for Workers' Compensation was granted.

On October 18, 1994, Employee filed a civil action against Employers for wrongful discharge. On November 9, 1994, Employers filed preliminary objections, which the court sustained on January 27, 1995. On January 31, 1995, Employee filed an amended complaint. On February 28, 1995, Employers filed an answer and new matter to the amended complaint. Employee filed an answer to the new matter on March 31, 1995, and filed discovery motions on February 27, 1997, March 2, 1999, and August 9, 1999.

The Workers' Compensation Appeal Board adds some relevant procedural history:

> On April 1, 2002, [Employers[2]] filed a petition for physical examination or expert interview of Employee – Section 314

---

[1] The Pennsylvania legislature enacted the Workmen's Compensation Act in 1915 to apply to work-related injuries in the Commonwealth. In 1993, the legislature amended the Act to read "The Workers' Compensation Act." 77 P.S. § 1. For clarity, we will reference "Workers' Compensation" throughout this Memorandum.

[2] Only Employer Acker Associates was listed as part of the proceedings before the Workers' Compensation Appeal Board.

(Physical Exam Petition) alleging that it scheduled an examination with Scott A. Krasner, M.D. and on March 21, 2002, [Employee] refused or failed to appear.[3]  The [Workers' Compensation Judge ("WCJ")] found that [Employee] filed a penalty petition alleging that [Employers were] deliberately sending his compensation checks to an incorrect address.  On April 23, 2002, [Employee] filed a penalty petition alleging that [Employers] submitted fraudulent evidence regarding his average weekly wage.  [Employee] also filed a modification petition alleging fraud.  On September 28, 2005, [Employers] filed a physical exam petition alleging that [Employee] did not appear for an examination on March 21, 2002 and requesting the WCJ order [Employee] to attend an examination with a doctor to be named.  On October 14, 2005, [Employers] filed another physical exam petition with similar allegations.

On November 7, 2005, the WCJ circulated a decision and order granting [Employers'] petition and denying [Employee's] petitions.  The WCJ concluded that because [Employers'] last examination of [Employee] was more than six months ago, it was entitled to an examination. The WCJ indicated that [Employers] had recently filed a suspension petition which would be scheduled for hearing to determine if [Employee] failed to appear for an examination, and if [Employee] failed to appear for the examination or hearing, his benefits would be suspended. [Employee] appealed.

On October 13, 2005, prior to the issuance of the November 7, 2005 decision and order, [Employers] had filed a suspension petition alleging that [Employee] refused to attend an independent medical examination (["IME"]) ordered by the WCJ in 2001.

Workers' Compensation Appeal Board Opinion, filed September 1, 2010, at

1-2.

---

[3] Employee moved to Arizona in 1994.

On December 23, 2005, the WCJ granted Employers' petition for suspension of benefits. After remanding the case to the WCJ for further fact-finding and determining Employee did not attend the IME, the Workers' Compensation Appeal Board affirmed the decision of the WCJ on September 1, 2010. *See id.* at 3-14.

In early 2011, Employee initiated further discovery requests in the wrongful discharge action. On April 1, 2011, Employers filed a petition for judgment of non-pros in that action based on Employee's inaction over several years. Employee answered the petition on April 25, 2011. On May 19, 2011, when Employee failed to appear in court, the court granted Employers' petition for non-pros. On June 2, 2011, Employee filed a motion to vacate the order and appealed to the Commonwealth Court, claiming he was not given notice of the hearing.

On July 2, 2012, the Commonwealth Court quashed Employee's appeal and remanded it to the trial court to determine whether Employee was given proper notice of the hearing.[4]

---

[4] In its opinion, the Commonwealth Court noted that "the trial court, not [the Commonwealth Court], is the proper forum to determine, factually, whether [Employee's] assertion that he did not receive notice of the May 19, 2011 hearing is true." Commonwealth Court Opinion, filed March 14, 2012, at 8-9. In a footnote, the Commonwealth Court proceeds to add, "if, on remand, the trial court denies [Employee's] petition to strike and [Employee] takes an appeal therefrom, said appeal should be filed with the Superior Court pursuant to Section 742 of the Judicial Code, 42 Pa.C.S. § 742." *Id.* at 9, n. 6.

On April 9, 2013, Employers filed a praecipe for a hearing on the issue of notice and an alternative motion for summary judgment, which is the subject of this appeal. On December 18, 2013, the trial court granted summary judgment to Employers. The court found no issues of material fact and determined that Employee failed to "identify a claim for wrongful termination." Trial Court Order Granting Summary Judgment, filed December 18, 2013, at 7.

On January 21, 2014, Employee filed a notice of appeal.[5] The trial court did not order Employee to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Employee did not file one. On November 24, 2014, this Court ordered the trial court to file an opinion pursuant to Pa.R.A.P. 1925(a) within 30 days. On January 2, 2015, the trial court submitted its December 18, 2013 order and opinion granting Employers' summary judgment motion in lieu of drafting a separate Rule 1925(a) opinion.[6]

_____

[5] Although the filing date of Employee's notice of appeal is facially untimely, Employee claims the court erred by not filing it upon receipt. The notice of appeal was dated and post marked on January 15, 2014; thus we consider it timely. *See Maxton v. Philadelphia Hous. Auth.*, 454 A.2d 618, 620 (1982) (noting courts have power to extend statutory appeal time when presented with fraud or some breakdown in the court's operation); *See also Jackson ex rel. Sanders v. Hendrick*, 746 A.2d 574, 577 (2000) ("equity enjoys flexibility to correct court errors that would produce unfair results.").

[6] Because the certified record was incomplete, this Court directed the trial court to compile a certified record pursuant to Pa.R.A.P. 1921, or copies of the record agreed upon by both parties pursuant to Pa.R.A.P. 1924 and
*(Footnote Continued Next Page)*

Employee raises the following issues for our review:

    I.      WHETHER IT IS CLEAR THAT THE [TRIAL COURT] HAS MISAPPREHENDED AND/OR MISINTERPRETED THE EVIDENCE UPON WHICH IT BASED ITS OPINION AND ORDER, AND REACHED CONCLUSIONS CONTRADICTED BY, OR UNSUPPORTED BY ANY COMPETENT EVIDENCE IN THE RECORD?

    II.     WHETHER IT IS CLEAR THAT THE COURT BELOW HAS MISAPPLIED OR MISINTERPRETED THE LAW, OR COMMITTED ERRORS OF LAW IN REACHING ITS DECISION, AND VIOLATED [EMPLOYEE'S] DUE PROCESS RIGHTS AS SPECIFICALLY DOCUMENTED IN [EMPLOYEE'S] REQUESTING DETERMINATION OF FINALITY AND RECONSIDERATION AND CLARIFICATION BY THE COURT TO AMEND OR CORRECT THE INCOMPLETE DECEMBER 18, 2013 OPINION AND ORDER OF SENIOR JUDGE RICHARD SAXTON, W/EXHIBITS?

    III.    WHETHER THE GRIEVOUS MISHANDLING OF [EMPLOYEE'S] FILINGS AND THE DOCKET FILING OF RECORD AS DOCUMENTED IN [EMPLOYEE'S] OBJECTIONS FILED WITH THE SUPERIOR COURT ILLUSTRATE THE NECESSITY FOR THIS COURT TO DETERMINE WHETHER THE CASE IS SO EGREGIOUS AS TO JUSTIFY PREROGATIVE APPELLATE CORRECTION OF THE EXERCISE OF DISCRETION BY THE LOWER TRIBUNAL?

    IV.    WHETHER [EMPLOYEE'S] DUE PROCESS RIGHTS HAVE BEEN VIOLATED, WHERE EXAMINATION OF THE EVIDENCE CITED BY THE COURT PLAINLY REVEALS THAT THE COURT HAS ACTED EGREGIOUSLY, AND WHETHER THE COURT HAS FAILED TO CONDUCT ANY MEANINGFUL REVIEW OF

_(Footnote Continued)_ ――――――――――――――

Pa.R.A.P. 1923. The trial court proceeded to compile, certify and submit a supplemental record, pursuant to Pa.R.A.P. 1926(b)(1).

> [EMPLOYEE'S] ANSWER, BRIEFS, PLEADINGS AND EVIDENCE?
>
> V. WHETHER [EMPLOYEE'S] DUE PROCESS HAS BEEN VIOLATED WHERE ALL OF [EMPLOYEE'S] PLEADINGS BEFORE THE COURT BELOW WERE MISHANDLED AND DISMISSED WITHOUT ANY HEARINGS, TELECONFERENCE, BRIEFS OR OPPORTUNITY FOR [EMPLOYEE] TO BE HEARD, OR TO MAKE A RECORD, AND THUS RENDERS IMPOSSIBLE TO DISCERN LEGAL BASIS OR REASONING FROM THE [TRIAL COURT]?
>
> VI. WHETHER THE SIGNATURES ON THE FOUR ORDERS ENTERED IN THE [TRIAL COURT], WHETHER IN INK OR BY PHOTOCOPY[,] REFLECT TWO OR MORE UNAUTHORIZED SIGNATORIES?
>
> VII. WHETHER A DISMISSAL OF MOTION FOR SUMMARY JUDGMENT MAY BE UPHELD AS VALID WHERE LEGITIMATE DISCOVERY EFFORTS ARE NOT PERMITTED TO BE COMPLETED, AND MORE EGREGIOUS, DISMISSED WITHOUT DUE PROCESS?

Employee's Brief at 1-2.

Although Employee purports to raise seven issues in his *pro se* appellate brief, we need only address one issue, as it is dispositive: this Court must determine whether the trial court abused its discretion in finding no issues of material fact as to whether Employee's termination was a retaliatory discharge.

Employee argues that Employers terminated him in retaliation for filing a Workers' Compensation claim. Employers, however, claim that they properly terminated his employment for failure to comply with work procedures. Specifically, Employers allege in their brief that Employee "was fired for continuing not to follow the company dictated rules about having his

supervisor sign his notice of injury, as he had done in the past." Employers' Brief at 7. Employers contend that the "undisputed and incontrovertible" fact that the Workers' Compensation claim was not filed until November 9, 1992, after Employee had already been fired, precludes the possibility that Employee's termination of employment was retaliation for a Workers' Compensation claim. Employee, however, directs us to two letters from Employers to Employee, both dated September 16, 1992. The first letter reads:

> Dear Peter,
>
> After review of your handwritten note, which I received on my desk today and consulting our lawyer and insurance company, **I will submit your claim to Workman Compensation for their review**.[7] I will notify them that you did not report your injury to your supervisor or have any written documentation of your injury till six (6) days later when you attached a note to the back of your time sheet, unsigned by a supervisor and not dated. I will tell them that in the past two (2) times of your reporting an injury, you had a supervisor sign your reports both times ((5-5-92) and (6-13-91).
>
> Sincerely,
>
> Peggy McLaine

The second letter reads:

> Dear Peter,

_____

[7] Emphasis added.

This is notification of your termination from Acker Associates at the end of this business day (September 16, 1992), due to your numerous violations of office procedures and your lack of proper work attitude.

We will notify the Pennsylvania Higher Education Assistance Agency that you are no longer employed by us, and they will have to make other arrangements to garnish your pay.[8]

Both letters are in the supplemental record, attached to Employee's "Brief and Statement of Facts in Opposition to [Employers'] Motion for Summary Judgment." We now determine whether the trial court erred in granting summary judgment in favor of Employers.

"Our scope of review of a trial court's order granting or denying summary judgment is plenary[.]" ***Vazquez v. CHS Professional Practice, P.C.***, 39 A.3d 395, 397 (Pa.Super.2012) (quoting ***Krapf v. St. Luke's Hospital***, 4 A.3d 642, 649 (Pa.Super.2010)). "[W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact." ***Harber Philadelphia Center City Office Ltd. v. LPCI Ltd. Partnership***, 764 A.2d 1100, 1103 (Pa.Super.2000), *appeal denied,* 782 A.2d 546 (Pa.2001). "We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material

---

[8] Although this letter is not signed, Peggy McLaine admits to writing it. Unemployment Compensation Hearing, October 29, 1992, at 6.

fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered." ***Caro v. Glah***, 867 A.2d 531, 533 (Pa.Super.2004) (citing ***Pappas v. Asbel***, 768 A.2d 1089, 1095 (Pa.2001), *cert. denied,* 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002)). Further:

> Summary judgment is proper "if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2. Thus, a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury. [***Grandelli v. Methodist Hosp.***, 777 A.2d 1138, 1143 (Pa.Super.2001)]. (citing Pa.R.C.P. 1035.2 Note). "Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions." ***Grandelli, supra*** at 1144. The appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion. ***Caro, supra.***

***Nat'l Cas. Co. v. Kinney***, 90 A.3d 747, 752-53 (Pa.Super.2014).

Generally, in Pennsylvania, there is no common law cause of action against an employer for termination of an at-will employment relationship. ***Krajsa v. Keypunch, Inc.***, 622 A.2d 355, 358 (Pa.Super.1993) ("an at will employee may be terminated for good reason, bad reason, or no reason at all"). An exception to this general rule may exist where the termination of the at-will employment "threaten[s] the clear mandates of public policy." ***Hunger v. Grand Cent. Sanitation***, 670 A.2d 173, 175 (Pa.Super.1996)

(internal citations omitted). Public policy exceptions to the at-will employment doctrine, however, have been permitted in very limited circumstances. ***Rothrock v. Rothrock Motor Sales, Inc.***, 883 A.2d 511, 515 (Pa.2005). We observe:

> To state a public policy exception to the at-will-employment doctrine, the employee must point to a clear public policy articulated in the constitution, in legislation, an administrative regulation, or a judicial decision. ***Jacques v. Akzo International Salt, Inc***., 619 A.2d 748 ([Pa.Super.]1993). Furthermore, the stated mandate of public policy, as articulated in the constitution, statute, or judicial decision, must be applicable directly to the employee and the employee's actions. It is not sufficient that the employer's actions toward the employee are unfair. ***Reese v. Tom Hesser Chevrolet-BMW***, 413 Pa.Super. 168, 604 A.2d 1072 (1992) (fact that employer required employee, as condition of continued employment, to reimburse it for losses attributable to action of employee may have been unfair but did not violate law; therefore, employee failed to state public policy exception to doctrine of at-will employment); ***Darlington v. General Electric***, 504 A.2d 306 ([Pa.Super.1986) (no public policy exception to at-will employment doctrine found even though employee was discharged unfairly in that he was not afforded the opportunity to defend himself against allegations of accounting irregularities).

***Hunger, supra.*** at 175-76.

Pennsylvania recognizes a cause of action for retaliatory discharge for filing a Workers' Compensation claim as a public policy exception to the at-will employment doctrine. ***Shick v. Shirey***, 716 A.2d 1231, 1237-38 (Pa.1998) (some internal citations omitted). In ***Shick v. Shirey***, our Supreme Court held that "a cause of action exists under Pennsylvania law

for wrongful discharge of an employee who files a claim for workers' compensation benefits." *Id.* at 38. The Court explained:

> [The] historical balance would be disrupted if the employer could terminate an employee for filing a workers' compensation claim. As the Supreme Court of Indiana stated in its decision in ***Frampton v. Central Indiana Gas Company***, 260 Ind. 249, 297 N.E.2d 425 (1973), which recognized a cause of action for retaliatory discharge for filing such claims:
>
>> The [Indiana Workmen's Compensation] Act creates a duty in the employer to compensate employees for work-related injuries (through insurance) and a right in the employee to receive such compensation. But in order for the goals of the Act to be realized and for public policy to be effectuated, the employee must be able to exercise his right in an unfettered fashion without being subject to reprisal. If employers are permitted to penalize employees for filing workmen's compensation claims, a most important public policy will be undermined. The fear of being discharged would have a deleterious effect on the exercise of a statutory right. Employees will not file claims for justly deserved compensation-opting, instead, to continue their employment without incident. The end result, of course, is that the employer is effectively relieved of his obligation.
>
> [***Frampton, supra.***] at 427. This analysis applies as well to Pennsylvania's Workers' Compensation Act.

***Shick, supra.*** At 1237-38.

In the instant case, Employers' motion for summary judgment alleged Employee "failed to set forth a legally cognizable cause of action for wrongful discharge." Employers' Motion for Summary Judgment at 3. Indeed, Employee would not have a cause of action against Employers for his termination from at-will employment unless it was a violation of public

- 12 -

policy, such as retaliation for filing a Workers' Compensation claim. Although Employers contend that the "undisputed and incontrovertible" fact that the Workers' Compensation claim was not filed until after Employee had already been fired precludes the possibility that Employee's termination of employment was a retaliation in violation of public policy, a fact finder could conclude from the timing of Employee's termination on the same date as he placed them on notice of his intent to file a Workers' Compensation claim, that the firing was indeed retaliatory and a violation of public policy. **See Shick**, **supra**. Therefore, viewing the evidence in the light most favorable to Employee, as we must under our proper standard of review, Employers' contention regarding their reason for termination is not "undisputed and incontrovertible." Thus, the cause for Employee's termination presents an issue of material fact. For this reason we find that the trial court erred in granting summary judgment.[9] **See Harber, supra.**; **Caro, supra.**

---

[9] Based on this determination, we need not address Employee's remaining claims.

Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.[10]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2015

---

[10] In light of our disposition, Employee's various motions pertaining to the record are dismissed as moot.