J-A19021-15

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| PAUL J. BUKOVINSKY, II | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| G4S SOLUTIONS, LISA HENNICK, AND RAYMOND BROCK | |
| Appellees | No. 1260 WDA 2014 |

Appeal from the Order July 14, 2014
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): GD 13-006228

BEFORE:  BENDER, P.J.E., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 14, 2015**

Appellant Paul J. Bukovinsky, II appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which denied Appellant's motion to strike, granted G4S Solutions', Lisa Hennick's, and Raymond Brock's ("Appellees'") preliminary objections to Appellant's complaint, and dismissed Appellant's complaint with prejudice.  We affirm.

The relevant facts and procedural history of this appeal are as follows. Appellant worked for Appellees as a security officer from November 25, 2011 until September 2012.  Appellees issued several notices to Appellant regarding his poor performance, including failing to sign site visitors in and out and watching movies and sleeping on the job.  On September 24 or 28, 2012, Appellees conducted a meeting with Appellant and terminated his

employment, although Appellant claims not to have been aware of his termination at this time.[1]

On December 10, 2012, the office of Unemployment Compensation ("UC") issued a notice of determination, finding the last day of Appellant's employment was September 24, 2012, and determining that he was ineligible for benefits. The notice informed Appellant that his last day to appeal the determination was December 26, 2012. On December 18, 2012, Appellant filed a notice of appeal. On January 9, 2013, the UC Board of Review conducted a hearing and issued a "Referee's Decision/Order" affirming the determination of the service center and denying Appellant benefits.

On April 10, 2013, Appellant filed a complaint against Appellees for wrongful termination, but mailed the complaint to Appellees instead of properly having the sheriff serve it. Because they were not properly served, Appellees did not respond to the complaint. Appellant moved for summary judgment on September 25, 2013. The court conducted a hearing on

---

[1] The exact date of Appellant's termination is disputed. Although not mentioned in his complaint, in his brief Appellant contends that he informed his supervisor about a car accident in which he was involved on September 21, 2012. He then assumed that he was on medical leave pursuant to the Family Medical Leave Act. Appellant admits to attending a meeting on September 28, 2012 about his poor work conduct. He alleges "Skip" was going to call him. He claims he was not notified of his termination until December 10, 2012, when he received an order from the unemployment office.

February 10, 2014, which Appellees did not attend. The court granted summary judgment in favor of Appellant as to liability but not damages. Appellees then filed a motion to dismiss Appellant's complaint and preliminary objections on February 11, 2014. On March 10, 2014, Appellees filed a motion for reconsideration of the February 10, 2014 order. The next day, Appellees filed a notice of appeal. This Court quashed the appeal as interlocutory. 415 WDA 2014. On May 15, 2014, the court granted Appellees' motion for reconsideration and vacated the February 10, 2014 order.[2]

On July 14, 2014, the court granted Appellees' preliminary objections that were filed February 11, 2014 and dismissed Appellant's complaint with prejudice. On August 1, 2014, Appellant filed a notice of appeal. The court did not order, and Appellant did not file, a Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues for our review:

> 1. THE CASE LAW THAT WAS PRESENTED WAS FROM A RULING FROM THE UNITED STATES SUPREME COURT AND OTHER APPEAL COURTS WAS **NOT** UNHELD[?]

---

[2] In the May 15, 2014 order, the trial court specifically stated that "[Appellees] acknowledge proper service of the complaint." Trial Court Order, filed May 15, 2014. Appellant should consider himself very fortunate the court did not dismiss his complaint for improper service. Because Appellees acknowledged proper service of the complaint on May 15, 2014, they could have properly filed preliminary objections within 20 days of the order, or before June 4, 2014. Thus, we consider Appellees' preliminary objections, filed February 11, 2014, timely.

2. AFTER A JUDGE REVIEWS A COMPLAINT FOR THE SOLE REASON TO DECIDE IF THEY WILL GRANT AN IN FORMA PAUPERIS PETITION AND THEY GRANT IT CAN THAT SAME JUDGE DISMISS THE CASE FOR NOT FILING THAT SAME COMPLAINT WITHIN THE STATUTE OF LIMITATIONS FOR FILING THAT COMPLAINT IF THEY HAVE DECIDED THE COMPLAINT WAS BEING FILED IN A TIMELY MANNER?

3. CAN PRELIMINARY OBJECTIONS BE FILED IN RESPONSE TO A MOTION?[3]

4. ONCE THE DEFENDANTS RECEIVE A NOTICE TO DEFEND ALONG WITH THE COMPLAINT FILED IN THE COURT OF COMMON PLEAS DO THEY HAVE TO RESPOND EVEN IF THEY DON'T BELIEVE A *PRO SE* LITIGATE CAN FILE SUCH A COMPLAINT?

5. IF DEFENDANTS FAIL TO RESPOND TO A COMPLAINT DO THEY HAVE THE RIGHT TO PRESENT A DEFENSE A YEAR LATER?

6. ARE EMPLOYERS PROTECTED FROM LAWSUITS FOR WRONGFUL TERMINATION IF THEY VIOLATE THE CIVIL RIGHTS ACT, FAIR LABOR STANDARDS ACT, THE WHISTLEBLOWER ACT, AND THE OSHA ACT OF 1970?

7. IS IT A 14TH AMENDMENT VIOLATION UNDER THE EQUAL PROTECT CLAUSE FOR THE TRIAL COURT TO TAKE AN ATTORNEY'S WORD OVER EVIDENCE BECAUSE THEY ARE ATTORNEYS?

8. IF IT IS SHOWN THAT THE DEFENDANTS HAVE FALSIFIED LEGAL DOCUMENTS TO A GOVERNMENT AGENCY CAN THEY BE CREDIBLE WITNESS?

9. IS IT A 6TH AMENDMENT VIOLATION TO NOT ORDER A DEFAULT JUDGMENT WHEN THE DEFENSE HAS NOT UPHELD THE PENNSYLVANIA CIVIL PROCEDURES?

---

[3] Questions 4-15 are indented as if they are subsections of question 3.

10. SHOULD THE COURT TAKE INCONSIDERATION A LITIGATES COLLEGE DEGREE THEY MAY HAVE IN LAW?

11. CAN EMPLOYERS PLEAD "AT WILL DOCTRINE" IF THEY HAVE VIOLATED THE EMPLOYEE'S CIVIL RIGHTS?

12. CAN AN EMPLOYER TERMINATE AN EMPLOYEE TO MAKE A SPOT FOR A FAMILY MEMBER TO TAKE THEIR PLACE?

13. IS IT A 6TH AMENDMENT VIOLATION FOR THE COURTS TO PROLONG PROCEEDINGS IF THE DEFENSE HASN'T UPHELD PENNSYLVANIA CIVIL PROCEDURES WHILE THE PLAINTIFF HAS?

14. IS A FINAL COURT ORDER VALID IF THE ORDER IS FROM ANOTHER JURISDICTION?

15. CAN THE APPELLEES STATE THAT THE COMPLAINT WAS NOT FILED TIMELY IF THEY FRAUDULENTLY CONCEALED THE TERMINATION DATE FROM THE APPELLANT?

Appellant's Brief at 8 (verbatim).

In his combined issues, Appellant argues that the trial court erred by granting Appellee's preliminary objections and dismissing his complaint with prejudice.[4]  Appellant challenges both the procedural and the substantive aspects of the trial court's decision.  Specifically, he claims his complaint was timely, Appellee's preliminary objections were untimely, the trial court failed to review the case law he presented, and the trial court erred by failing to rule he had a cause of action against Appellee.  He claims he is entitled to

---

[4] We note that Appellant fails to separate his issues into separate sections in the body of his brief in violation of Pa.R.A.P. 2119.

relief on the theory of wrongful termination, and in addition under the Occupational Safety and Health Act ("OSHA") and the Whistleblower Act. We disagree.

"This Court reviews a trial court's decision sustaining or overruling preliminary objections for an error of law." *O'Donnell v. Hovnanian Enterprises, Inc.*, 29 A.3d 1183, 1186 (Pa.Super.2011). "In so doing, [the Court] employ[s] the same standard as the trial court, to wit, all material facts set forth in the [] Complaint and inferences reasonably drawn therefrom are admitted as true." *Knight v. Springfield Hyundai*, 81 A.3d 940 (Pa.Super.2013). "Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." *Richmond v. McHale*, 35 A.3d 779, 783 (Pa.Super.2012).

Generally, in Pennsylvania, there is no common law cause of action against an employer for termination of an at-will employment relationship. *Krajsa v. Keypunch, Inc.*, 622 A.2d 355, 358 (Pa.Super.1993) ("an at will employee may be terminated for good reason, bad reason, or no reason at all"). An exception to this general rule may exist where the termination of the at-will employment "threaten[s] the clear mandates of public policy." *Hunger v. Grand Cent. Sanitation*, 670 A.2d 173, 175 (Pa.Super.1996), *appeal denied*, 681 A.2d 178 (Pa.1996) (internal citations omitted). Public

policy exceptions to the at-will employment doctrine, however, have been permitted in only very limited circumstances. ***Rothrock v. Rothrock Motor Sales, Inc.***, 883 A.2d 511, 515 (Pa.2005). We observe:

> To state a public policy exception to the at-will-employment doctrine, the employee must point to a clear public policy articulated in the constitution, in legislation, an administrative regulation, or a judicial decision. ***Jacques v. Akzo International Salt, Inc.****,* 619 A.2d 748 ([Pa.Super.]1993). Furthermore, the stated mandate of public policy, as articulated in the constitution, statute, or judicial decision, must be applicable directly to the employee and the employee's actions. It is not sufficient that the employer's actions toward the employee are unfair. ***Reese v. Tom Hesser Chevrolet-BMW****,* 413 Pa.Super. 168, 604 A.2d 1072 (1992) (fact that employer required employee, as condition of continued employment, to reimburse it for losses attributable to action of employee may have been unfair but did not violate law; therefore, employee failed to state public policy exception to doctrine of at-will employment); ***Darlington v. General Electric****,* 504 A.2d 306 ([Pa.Super.1986) (no public policy exception to at-will employment doctrine found even though employee was discharged unfairly in that he was not afforded the opportunity to defend himself against allegations of accounting irregularities).

***Hunger,*** 670 A.2d at 175-76.

Regarding Appellant's OSHA claim, our Supreme Court observed:

> We recognize that the Superior Court and some federal courts have assumed by implication that sole reference to federal statutes could form the basis for a claim for wrongful discharge in violation of the public policy of this Commonwealth. In ***Field v. Philadelphia Electric Company****,* 565 A.2d 1170 ([Pa.Super.]1989) and ***Sorge v. Wright's Knitwear Corp.****,* 832 F.Supp. 118, 121 (E.D.Pa.1993)[,] the courts indeed hold that the public policy set forth in a federal statute, including OSHA, announced a clear and significant policy of Pennsylvania. Hence, in those cases an employee could bring a claim for

wrongful discharge based on that federal statute. In addition, some state jurisdictions have held that the public policy of the state could be found within the OSHA provisions prohibiting a retaliatory discharge for filing an OSHA complaint. Also, in **Kulch v. Structural Fibers, Inc.,** 78 Ohio St.3d 134, 677 N.E.2d 308 (1997)[,] the highest court in Ohio found that OSHA could form the basis for a wrongful discharge claim. However, this view is not uniform.[5]

**McLaughlin v. Gastrointestinal Specialists, Inc.**, 750 A.2d 283, 289

(Pa.2000).

The Whistle Blower statute provides in relevant part:

**§ 1422. Definitions**

The following words and phrases when used in this act shall have the meanings given to them in this section unless the context clearly indicates otherwise:

**"Appropriate authority."** A Federal, State or local government body, agency or organization having jurisdiction over criminal law enforcement, regulatory violations, professional conduct or ethics, or waste; or a member, officer, agent, representative or supervisory employee of the body, agency or organization. The term includes, but is not limited to, the Office of Inspector General, the Office of Attorney General, the Department of the Auditor General, the Treasury Department, the General Assembly and committees of the General Assembly having the power and duty to investigate criminal law

---

[5] "OSHA…provide[s] specific remedies for corporate retaliation against employees who participate in any action to carry out the purpose of the federal statutes. The statutory remedies are exclusive: they provide for the filing of a complaint with the Secretary of Labor and *there is no private right of action*." **Braun v. Kelsey-Hayes Co.**, 635 F. Supp. 75, 80 (E.D. Pa. 1986) (emphasis added) (internal citations omitted).

enforcement, regulatory violations, professional conduct or ethics, or waste.

**"Employee."** A person who performs a service for wages or other remuneration under a contract of hire, written or oral, express or implied, for an employer.

**"Employer."** *A public body* or any of the following which receives money from a public body to perform work or provide services relative to the performance of work for or the provision of services to a public body:

(1) An individual.

(2) A partnership.

(3) An association.

(4) A corporation for profit.

(5) A corporation not for profit.

\* \* \*

**"Public body."** All of the following:

(1) A State officer, agency, department, division, bureau, board, commission, council, authority or other body in the executive branch of State government.

(1.1) The General Assembly and its agencies.

(2) A county, city, township, regional governing body, council, school district, special district or municipal corporation, or a board, department, commission, council or agency.

(3) Any other body which is created by Commonwealth or political subdivision authority or which is funded in any amount by or through Commonwealth or political subdivision authority or a member or employee of that body.

43 Pa.C.S. § 1422 (emphasis added).

Appellant's complaint was timely whether he was terminated on September 14 or December 10 of 2012 because he filed his complaint on April 10, 2013, which was within the two-year statute of limitations period for a wrongful employment action based on an alleged public policy exception. *See* 42 Pa.C.S. § 5524.[6] However, in the light most favorable to Appellant, his complaint fails to articulate a cognizable cause of action.

Appellees employed Appellant "at-will," and reserved the right to fire him at any time, for any reason. No contract prevented Appellee from terminating Appellant's employment. Further, Appellees' "Discipline" policy states as grounds for immediate dismissal: "Any other reason that the company feels, in its sole discretion, warrants termination." Discipline Policy, pp. 33-34. Appellant's allegations that Appellees' warnings were issued to him for the wrong reasons are of no consequence because Appellees were entitled to terminate Appellant's employment for any or no reason at all, without warning him.

Appellant cannot articulate any public policy exception to the at-will employment doctrine. Even if he was fired to make room for one of the Appellees' family members, as he claims, this is not a public policy exception.

---

[6] As previously discussed, Appellees' preliminary objections were also timely.

Appellant did not file an OSHA claim and OSHA does not provide a private right of action. Appellant wrote an email to the G4S corporate office that stated:

> [T]here is no fire extinguisher in the shack and secondly the light plant is malfunctioning it will turn off then back on it has been causing shorts and because of that it blew up the microwave and almost started a fire this light plant needs repaired or replaced as soon as possible please it is very dangerous and I don't want anybody to get hurt I hope you can help I tried keven ice [sic] but nothing was done he called me back but was asleep getting ready for the night shift and after I returned his call I never heard anything back.

"Unsafe condition" email addressed to Larrymcevoy@consolenergy.com, dated May 1, 2012.

Not only is this not an OSHA claim, but it was written on May 1, 2012, and Appellant was terminated in September or December of 2012. He does not articulate how the two events were related.

Appellant's Whistleblower claim is also meritless. Appellees are a private company, not "public bodies" as defined by the statute. Further, Appellant's bald allegation that he was not promoted because he is male lacks foundation and was not raised in his complaint.

Even if all of Appellant's allegations were true, the claims raised in his complaint did not articulate any cognizable causes of action. Therefore, the court properly granted Appellees' preliminary objections and dismissed Appellant's complaint, with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/14/2015